SUNSET WOOD CO. v. BROADNAX et al.†
(Court of Civil Appeals of Texas.　March 29, 1911.　Rehearing Denied April 26, 1911.)

1. JURY (§ 32*)—RIGHT TO TRIAL BY JURY—NUMBER OF JURORS—DECREASE IN NUMBERS PENDING TRIAL.

Under Const. art. 5, § 13, providing that, when, pending trial, one or more jurors, not exceeding three, may die or be disabled from sitting, the remainder of the jury may render the verdict, and Rev. St. 1895, art. 3229, to the same effect, where a juror became insane, he was properly discharged, and the trial continued before the remaining jurors.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 221–225; Dec. Dig. § 32.*]

2. JURY (§ 32*) — RIGHT TO JURY TRIAL—NUMBER OF JURORS.

The discharge of a juror on the sole ground that improper influence was exercised on him does not warrant the court in proceeding to trial with the remaining jurors, over a party's objection.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 221–225; Dec. Dig. § 32.*]

Appeal from District Court, Bexar County; Edward Dwyer, Judge.

Action by T. J. Broadnax against the Sunset Wood Company and others. From the judgment, both plaintiff and defendant company appeal. Affirmed.

Scott & Dodson and Onion & Henry, for appellants. David J. Powell, John Sehorn, and Terrell & Terrell, for appellee.

JAMES, C. J. This is an action by Broadnax for damages for personal injury.

He alleged, in substance, that certain lumber was negligently unloaded and piled in Houston street, in the city of San Antonio, by defendant Ed Steves & Sons; and that a wagon of the defendant the Sunset Wood Company, driven by one of its servants, was negligently driven into and against such pile of lumber, whereby it was thrown down and upon plaintiff, causing his injury. The result of the trial was a verdict in plaintiff's favor against appellant for $8,000, and exonerating the defendant Ed Steves & Sons.

The case is appealed by the Sunset Wood Company, and also by Broadnax; the latter seeking, in the event the judgment as to the Sunset Wood Company is reversed, that the judgment in favor of Ed Steves & Sons be also reversed and the whole cause remanded. It is therefore in order to consider first the assignments of the Sunset Wood Company.

It appears that the parties consented to go to trial with 11 jurors, and that during the progress of the trial one of these jurors was for certain reason discharged by the judge, who required the trial to proceed before the remaining 10 jurors. The assignments of error all relate to this proceeding.

The points made and presented by the Sunset Wood Company are:

[1] (1) That the judgment recites that the juror Melville became disabled from sitting as a juror, by reason of becoming insane, and there is no evidence to sustain such finding.

(2) The evidence wholly failing to show that the juror was insane, the court erred in excusing him from further service on that ground, after the trial commenced, over the objections of appellant.

(3) The power vested in the trial court to proceed to verdict with a jury of less than 12 where, pending trial, one or more

members of such jury may die or become disabled is a limited power, and cannot be exercised where any party to the suit objects thereto, unless the juror so excused be clearly within one of the emergencies provided for by article 5, § 13, of the Constitution, and article 3229 of the Revised Statutes.

. (4) The court erred in overruling the motion for new trial, based on error in not discharging the jury, and in forcing the appellant, over its protests and objection, to proceed with the trial before 10 men, after discharge by the court of Juror Melville, on the second day of the trial, after proof that he had been subjected to improper influences, and had received money, other than his lawful jury fee, from some unknown person for his "work on the jury."

The proposition under the above is: "Where it is made to appear to the trial court that a verdict has been rendered by the jury, any member of which has been improperly approached and tampered with and paid money, other than his lawful jury fee, for his work on the jury, prejudice is presumed as a matter of law, and the verdict should be set aside and a new trial granted." The record shows fully the testimony connected with the action of the trial judge in respect to the discharge of the juror, and his refusal to stop the trial and continue the case, in proper bills of exceptions. The testimony disclosed by the bills was, in our opinion, sufficient to warrant the judge's conclusion that the juror Melville, during the progress of the trial, became mentally unbalanced, and that he had become disabled from sitting as a juror by reason of the loss of his mental powers, and that he was insane. · The discharge of the juror and the continuation of the trial before the remaining 10 jurors was therefore within the purview of the constitutional and statutory provisions above referred to. The above conclusion of fact disposes of the first, second, and third points above enunciated; and it also, in effect, disposes of the fourth, and the proposition under it.

[2] It is true that, where improper influence is shown to have been exercised upon a juror, the verdict ought not to be allowed to stand, and that the discharge of a juror upon such ground alone does not warrant the court in proceeding to trial with the remaining jurors, over the objection of a party. The judge, in his explanation attached to the bill of exceptions, found from the facts and circumstances that no one had tampered with the juror, and this, we think, was an inference that was warranted. This was not the sole finding. There was the additional finding as to the juror's mental condition, which, as we have said, was likewise warranted. There was no pretense that any of the jurors who returned the verdict were

tampered with, and what is stated in the above proposition is without any application.

The brief of appellant discusses the competency of the testimony given by Dr. Dinwiddie. His testimony was evidently in answer to hypothetical questions put to him, and the brief states that the witness was not qualified as an expert to give such testimony. It sets forth: "He (Dr. Dinwiddie) answered: 'I think I am able to give an opinion.' He was then asked: 'As an expert?' to which he replied, 'Yes.' Immediately thereafter, when taken upon cross-examination to test his qualifications, he stated in response to questions: 'I am not an expert on mental diseases; no.'" The record simply shows the testimony of Dr. Dinwiddie, and we find nothing of the character quoted above from the brief.

We conclude that appellant's assignments are not well taken. The assignment of error by Broadnax is not insisted on, in view of our disposition of appellant's assignments, and it becomes unnecessary to consider it.

Judgment affirmed.