### E. S. Adams v. The State.

No. 11202.     Delivered November 30, 1927.

**1.—Swindling a Misdemeanor—Punishment for Offense—Amendment of 1926 Not in Effect.**

The amendment changing the punishment for swindling or theft of property under the value of $5.00 by a fine only, as passed by the 40th Legislature was not in effect at the time of appellant's trial, and the court properly charged the punishment to be under the old law, by both fine and imprisonment.

**2.—Same—Bills of Exception—Must Be Approved by Trial Judge.**

Bills of exception to be considered on appeal must be approved by the trial judge, and unless approved will not be considered by this court. See Art. 667, C. C. P. 1925, and Art. 2237, Subd. 5 of Vernon's Civil Statutes of 1925, Vol. 2, and the mere filing of the bills with the clerk is not sufficient verification.

**3.—Same—Allegation and Proof—No Variance Shown.**

Where, on a charge for swindling by giving a check on a bank without sufficient funds, the name of the party swindled was alleged to be "W. A. Price," the proof showed his name to be "W. A. Price, Jr." This was not a material variance.

**4.—Same—Continued.**

"The word 'Junior,' or 'Jr.' or words of similar import are ordinarily mere matters of description, and form no part of a person's legal name, and to omit or add such appellation or cognomen is harmless error both in civil and criminal proceedings." See Windom v. State, 44 Tex. Crim. Rep. 514, and other cases cited.

Appeal from the County Court of Madison County. Tried below before the Hon. W. V. Jones, Judge.

Appeal from a conviction for misdemeanor swindling, penalty three hours in the county jail.

The opinion states the case.

*A. H. Menefee* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for misdemeanor swindling by giving a check for three dollars, without sufficient funds in the bank to pay the check. Punishment is three hours' confinement in the county jail.

The court instructed the jury that the punishment for petty swindling was "imprisonment in jail not exceeding two years and by fine not exceeding $500, or by such imprisonment without the fine." In his brief appellant suggests that the 40th Legislature (Chap. 157, p. 232), amended Art. 1422, P. C., to make swindling or theft of property under the value of $5 punishable by a fine only. The 40th Legislature, (regular session) adjourned on the 16th day of March, 1927, and the amendment in question did not become effective until 90 days after adjournment. The present offense is alleged to have been committed on the 6th day of March, 1926, and the trial was had on the 20th day of April, 1927, long before the amendment became effective, hence it does not affect this case.

We find in the transcript nine bills of exception, eight of which are not approved by the trial judge. The bills not authenticated by the judge seem to have no place in the record. See Art. 667, C. C. P. 1925, and Art. 2237, Subds. 5 to 8, Vernon's Revised Civil Statutes, 1925, and the authorities collated under Note 35, Art. 667, Vernon's C. C. P. 1925, Vol. 2. As to these unapproved bills appellant insists that when bills are neither approved nor disapproved by the trial judge, but are *by him ordered filed* as a part of the record the bills should be considered. Frederickson v. State, 44 Tex. Crim. Rep. 288. Without discussing the proposition advanced, it may be disposed of by saying that the history of the unsigned bills nowhere appears in the record. Appellant says in his brief that the judge filed them with the clerk. This statement may be absolutely true, but it is not such verification of the fact as would authorize consideration of the bills if they are otherwise entitled to it.

The bill of exception which is approved brings forward complaint that the court erred in not giving a peremptory instruction of acquittal because of a claimed variance in the name of the injured party as alleged and proven. The check was made payable to "W. A. Price," and the representations were alleged to have been made to him. The proof shows that W. A. Price, Sr., owned a saddle shop but that W. A. Price, Jr. was in charge of and manager of it; that he did the work on appellant's saddle and received the check and paid appellant 40c in money; that the services rendered by him were for the benefit of his father and that the 40c in money paid by him belonged

to his father.   We see no variance.   The fact that the party who had actual management and control of the business was W. A. Price, Jr., would not call for an allegation to that effect. In Windom v. State, 44 Tex. Crim. Rep. 514, is found the following statement:

"The word 'Junior' or 'Jr.' or words of similar import, are ordinarily mere matters of description, and form no part of a person's legal name, and to omit or add such appellation or cognomen is harmless error, both in civil and criminal proceeding," and in support of which many authorities are cited. See also Peters v. State, 69 Tex. Crim. Rep. 403, and Sec. 461, Branch's Ann. Tex. P. C., for collation of other authorities.

The judgment is affirmed.

*Affirmed.*