## STATE et al. v. HUMBLE OIL & REFINING CO. et al.

### No. 2595.

Court of Civil Appeals of Texas. Waco.

May 30, 1946.

For former opinion, see 187 S.W.2d 93.

Willard Drake, of Birmingham, Ala., Joel H. Berry and John O. Douglas, both of Houston, S. J. Bennett, of Durham, N. C., Matt H. Allen, of Kinston, N. C., and C. W. Croom, of Houston, for petitioners.

Pitts & Liles, of Conroe, and Vinson, Elkins, Weems & Francis, Lloyd Armstrong, P. F. Graves, R. E. Seagler, E. E. Townes, Jr., and John C. Townes, all of Houston, for respondents.

I, GILES P. LESTER, Chief Justice of the Court of Civil Appeals for the Tenth Supreme Judicial District of Texas, the highest court in the State of Texas deciding the above-styled case, certify:

The numerous parties to this suit are set out in the judgment entered in the trial court. Only the parties referred to as the Hardy Washington Strickland et al. group, the Willette Strickland Tobias et al. group and the Jerry Strickland et al. group of parties, who along with the other unrelated groups sought to recover the land in suit as heirs of one Wilson Strickland, are seeking to appeal to the United States Supreme Court; the numerous other parties, including the State of Texas, have not sought to appeal.

The suit is brought in trespass to try title, a statutory proceeding, under the State Statute, Vernon's Ann. Civ. St. Art. 7364 et seq., to recover the title to land in Montgomery County, Texas. It is not a suit at common law .

As appears from the judgment or decree entered in the trial court and affirmed by this court, the suit was lost by those seeking to appeal, as well as by numerous other intervenors and cross-acting defendants, and the title to the land was awarded to Humble Oil & Refining Company and other oil companies and royalty-owning defendants.

Upon the trial of the case an ancient judgment in favor of one Allen Vince against Wilson Strickland dated in 1848, was offered in evidence as a muniment of title and certain objections were urged to its introduction, including the objection that there was not adequate service to support the judgment and that the judgment was therefore void as being contrary to

the Fourteenth Amendment to the Constitution of the United States. The three groups now undertaking to appeal to the Supreme Court of the United States joined in this objection. This objection, however, was waived under the Texas Rules of Practice by the three groups now attempting to appeal, as they did not assign any error upon the point in their respective briefs in this court or in their motion for rehearing in this court, and by their failing to bring said question before this court in their briefs or in their motion for rehearing, this court did not pass upon it, and by so failing, they waived and abandoned what rights, if any, they had by reason of the objection to the admissibility of said judgment.

◼ The admission of this ancient judgment above referred to is entirely unimportant to any rights of the three groups attempting to appeal, because the jury found that none of the persons composing such groups were heirs of Wilson Strickland, and there was no issue raised or contention made that any of these three groups were heirs of Allen Vince. They only claimed as heirs of Wilson Strickland.

This case was tried to a jury and the trial was in progress approximately twelve months. During the trial one of the jurors was excused under the provisions of the local statutes of Texas and the trial proceeded in accordance with the state practice to a conclusion with eleven jurors. In their motions for new trial in the trial court, objection was urged by these appellants that the trial judge erred in excusing the juror, but no contention was made as to the validity or constitutionality of the Texas Statutes on the subject, and the excusing of the juror was not objected to on any constitutional grounds. In this court the petitioners contended substantially that since the undisputed evidence established the fact that the juror Murdock, who was excused by the court, was guilty of misconduct which disqualified him from further service on the jury, it was error for the trial court to excuse the juror for misconduct and proceed with the trial with the remaining eleven jurors. This court considered this matter of the excusing of the juror and held that no error was committed by the trial court under Texas law or practice. In the briefs or motions for rehearing filed in this court by the three groups now attempting to appeal, no Federal question was raised with reference to the excusing of the juror,—the State Statute under which the juror was excused, was not attacked in any way as being repugnant either to the State or the Federal Constitution. No mention of either the State or Federal Constitution was made anywhere in the record in this court.

This court decided this case and rendered a written opinion herein on January 25, 1945, without having its attention called to any Federal question, and without having any question raised as to any Federal question, and affirmed the judgment of the trial court entirely independent of any Federal question and without discussing, alluding to or considering any Federal question.

The jury found by its verdict that none of the three groups of Stricklands attempting to appeal to the Supreme Court of the United States were heirs of Wilson Strickland and such finding of the jury was not assailed, and none of these three groups, who are now attempting to appeal, ever prepared or filed upon appeal to this court any statement of facts reflecting the testimony, if any, adduced by them upon the trial of the case on its merits in the lower court.

◼ After this case left the District Court, a Federal question was raised for the first time, and that was in their motion for rehearing in the Supreme Court of this state, after that court had refused their application for writ of error for want of merit.

And I certify that under the Texas Practice, any Federal question that might have been in the case was not raised in time to be considered, and therefore was waived by the applicants.

In view of the foregoing facts which are hereby certified, this appeal is disallowed, this 19th day of April, 1946.

This certificate is ordered made a part of the record herein.