Essie B. CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 46549.

Court of Criminal Appeals of Texas.

Oct. 10, 1973.

**108**

John L. Darrouzet, Washington, D. C., for appellant.

Robert O. Smith, Dist. Atty., Terry Scarborough & Larry Laden, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The conviction was for burglary on a plea of not guilty before a jury; the punishment, life enhanced under Article 63, Vernon's Ann.P.C. because of two prior felony convictions.

Ground of error number one is that the court should have granted his motion for new trial because he was harmed by the failure of his counsel to move for a reduction of his bail.

█ When appellant was indicted herein for burglary with allegations of two prior felony convictions to enhance the punishment to life under Article 63, V.A.P.C., the court set his bail at $25,000. He made no complaint of the amount of bail set by the court until his motion for new trial. There was no motion or habeas corpus proceeding seeking a reduction. He now says that perhaps if he had been at liberty on bail he might have discovered evidence which would have been beneficial to him on the trial, but does not point out or show what evidence he now has in mind. Hence, there is nothing in the record to show that the bail was excessive, that he could not furnish this bail, or that he was harmed on the trial by the requirement of $25,000 bail. No merit is shown, and we overrule ground of error number one.

See 8 Tex.Jur.2d, Par. 33, pp. 155–157.

Ground of error number two advanced by appellant is that the court erred in excusing one of the jurors during the trial because of emotional disability and proceeding with eleven jurors.

After the jurors were sworn and before the charge was read, the following occurred:

"THE COURT: In cause No. 43,737, The State of Texas v. Essie B. Clark, now it is the finding of this Court that one of the jurors, namely, J. B. Reagan, is emotionally disabled, due to the death of his father-in-law in the State of Louisiana, and that it is necessary that he proceed immediately to the State of Louisiana with his wife. Is there any objection to that?

"MR. SCARBOROUGH: No objection; so agreed.

"THE COURT: And already, Mr. District Attorney, you have agreed to proceed with eleven jurors?

"MR. SCARBOROUGH: That is correct.

"THE COURT: And you agree to proceed with eleven jurors?

"MR. DARROUZET (Defense Counsel): Yes.

"THE COURT: And you, Mr. Essie B. Clark, agree to proceed with eleven jurors?

"THE DEFENDANT: Yes, sir."

The trial proceeded with eleven jurors and the verdict of guilty was signed by all eleven, as was also the verdict at the conclusion of the punishment phase of the trial.

Article 36.29, Vernon's Ann.C.C.P., provides as follows:

"Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman; provided, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. After the charge of the court is read to the jury, if any one of them becomes so sick as to prevent the continuance of his duty, or any accident of circumstance occurs to prevent their being kept together under circumstances under which the law or the instructions of the court requires that they be kept together, the jury may be discharged. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."

In Griffin v. State, Tex.Cr.App., 486 S.W.2d 948, a juror became disabled because he was arrested for driving while intoxicated during the noon recess. The court decided that the juror was disabled and proceeded with eleven jurors. In sustaining the action of the trial court, it was there said:

"Disabled, as used herein, means any condition that inhibits the juror from fully and fairly performing the functions of a juror. Absent an abuse of discretion by the trial judge in determining disability of the juror, no reversible error is shown."

■ Here the court found that the juror was disabled. Both appellant in person and his attorney agreed to this finding and to proceed with eleven jurors. Evidently they did not consider that the judge was abusing his discretion, else an issue could have been made and evidence heard, from which this Court might determine whether abuse of discretion existed. We perceive none, and overrule ground of error number two.

By his ground of error number three, appellant contends that the evidence was insufficient to support the jury verdict of guilty.

A. B. Campbell testified that he was the assistant manager of Burkhalter Spring Company in Austin and was in charge of the premises on December 18, 1971; that he locked the doors of the building before leaving; that shortly before midnight he returned to the premises and found that the building had been forcibly entered and burglarized, and that a number of items were missing, vending machines were opened, and the premises were generally in disarray; that there was an inner office in the building which had also been forcibly entered and the safe had been removed therefrom and was outside the building.

Burkhalter Spring Company was authorized to issue State Vehicle Inspection Stickers and at the time of the burglary 108 of these stickers, numbers P–177567 consecutively through P–177675, were in the safe, and were discovered to be miss-

ing. Two of these stickers were later found in appellant's billfold.

Campbell testified that customers did not normally come into the office where the safe was kept, and although he had worked for Burkhalter for a year he had never seen and did not know appellant. Appellant did not testify or offer any evidence showing any explanation of how his palm print, which was found on the safe after the burglary, could have gotten there in any other manner than in the perpetration of the burglary in question.

Shortly after midnight of December 18, 1971, in the early morning hours of December 19, 1971, Officer Lamoreaux of the Austin Police Department, an identification technician, duly qualified as to his expertise, lifted from the safe in question a latent palm print, a photograph of which was admitted in evidence as State's Exhibit 3B.

Jack Mercer of the Texas Department of Public Safety, having duly qualified as an expert, testified that he had compared State's Exhibit 3B with State's Exhibit No. 5, a known palm print of appellant, and that in his opinion they were made by the same person. Officer Lamoreaux also testified that in his opinion the latent print lifted from the safe was made by the same person who made the known print of appellant.

Albert W. Summerford, testifying for the defense, also qualified as an expert, expressed the opinion that he was not able to identify the known print with the print lifted from the safe because the latter was not clear enough for comparison.

James Barrow testified that on January 24, 1972, he found in the city of Killeen a billfold which contained State Inspection Stickers. He delivered it unchanged to Gladys Sims of the Killeen Police Department. She and Lucky Reed testified to the chain of custody of the billfold until it reached the hands of Fred Wermuth, who inventoried the contents and found therein a Texas Driver's License in the name of Essie B. Clark, and two of the State Inspection Stickers stolen from the safe, being Nos. P–177573 and P–177575. The billfold and its contents were introduced in evidence.

S. W. Rushing, a service station operator, testified that appellant was employed by him in December, 1971, and January, 1972; that appellant reported to him some time in January, 1972, that he could not make a service call because he had lost his billfold. Appellant's wife also testified that he lost his billfold. No evidence was offered showing an explanation for the presence of the stolen inspection stickers in appellant's billfold.

If the evidence indicates that the palm print on the safe was not placed there before the burglary, the testimony that the print was that of appellant has been held to be sufficient. LeBlanc v. State, Tex. Cr.App., 424 S.W.2d 434; Mann v. State, Tex.Cr.App., 420 S.W.2d 614.

■ When we add to the print evidence the fact that part of the stolen property was found in appellant's billfold with his driver's license, we deem the evidence ample to support the verdict. The court charged on circumstantial evidence.

We overrule ground of error number three.

■ In ground of error number four, appellant contends that the court should have granted his motion for new trial to enable the court to send the palm print taken from the safe to the F.B.I. for comparison with appellant's known print. In his motion the appellant does not allege, nor was it established by proof, that "there now exists newly discovered evidence which is available for appellant in the event of a new trial" nor that any witness

would thereby be brought to court to testify to new facts favorable to appellant. The jury was the trier of the facts, and the motion would seem to propose to the court that the F.B.I. be substituted for the verdict of the jury. We see no merit in this contention, and overrule it.

Ground of error number five complains that the court should have given to the jury his requested charge on the subject of the expert opinion evidence before the jury as to the palm print taken from the safe after the burglary.

The requested charge read:

"The evidence of witnesses who are put on the stand to support a theory by their opinions, however expert, is justly exposed to your reasonable suspicion. Experts and witnesses are produced not to swear to a fact observed by them but to express their opinions. The value of expert opinion does not depend on the skill and the knowledge professed by the expert, but on the weight you give the kind of skill and knowledge demonstrated to you."

Article 36.14, V.A.C.C.P., provides in part that:

". . . the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty where a jury has been waived, a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury."

■ The charge requested was obviously on the weight of the evidence and was argumentative and was correctly rejected by the court. We overrule this contention.

Ground of error number 6 contends that the court should have charged that the defendant did not have to prove any explanation beyond a reasonable doubt.

■ The court charged in approved form on circumstantial evidence, on the defendant's right not to testify, and that the burden of proof was upon the State, and that the defendant was presumed to be innocent, etc. We deem these charges sufficient to protect the rights of appellant, and overrule this contention.

■ Grounds of error numbers seven and eight are not briefed by appellant in compliance with Art. 40.09(9), V.A.C.C.P., and are overruled.

■ Ground of error number nine urges that the proof did not show when the offenses alleged in the prior convictions used for enhancement occurred.

The first such conviction used for enhancement was for burglary on June 12, 1958. The judgment and sentence bearing that date were in evidence. These established that the date of that offense was before the conviction, and was sufficient. Loud v. State, Tex.Cr.App., 499 S.W.2d 295 (1973).

The second such conviction used for enhancement was for burglary on February 18, 1965. The judgment and sentence in that case were in evidence. The State proved by two witnesses that said offense occurred on November 10, 1964.

Thus, we find the evidence sufficient to invoke the provisions of Art. 63, V.A.P.C., and overrule ground of error number nine.

We find no reversible error and affirm the judgment.

Opinion approved by the Court.