**Albert CARRILLO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58933.**

Court of Criminal Appeals of Texas, Panel No. 2.

April 30, 1980.

Michael L. Williams, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. and Miguel J. Cervantes, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for the offense of murder. The punishment is imprisonment for forty years.

The appellant argues that the trial court abused its discretion in allowing a jury of eleven to proceed to a verdict after the court had discharged one of the jurors. In this case the jury had been sworn and impaneled and the State had started to present its evidence. After hearing the testimony for approximately thirty minutes, one of the jurors informed the trial court that she remembered that the appellant's sister had been one of her pupils and she further stated that it would affect her ability as a juror. The trial court after considering the matter discharged the juror and continued the trial with the remaining

jurors. The appellant moved for a mistrial and objected to continuing the trial before the eleven jurors. The motion was denied and the objection overruled.

The record shows that the trial court based its decision to discharge the one juror and continue with the rest of the jury on *Griffin v. State*, 486 S.W.2d 948 (Tex.Cr. App.1972) and Art. 36.29, V.A.C.C.P. Art. 36.29 provides:

"If a juror becomes ill

"Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman; provided, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. After the charge of the court is read to the jury, if any one of them becomes so sick as to prevent the continuance of his duty, or any accident of circumstance occurs to prevent their being kept together under circumstances under which the law or the instructions of the court requires that they be kept together, the jury may be discharged."

In *Maciel v. State*, 517 S.W.2d 789 (Tex. Cr.App.1975), this Court held that Art. 36.29 complied with Art. 5, Sec. 13 of the Texas Constitution. That section, in part, states:

"When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict."

Appellant contends that the language in Art. 36.29 in allowing a case to proceed with eleven jurors does not apply to the facts of this case. He argues that "disabled from sitting" is limited to a physical, emotional or mental disability rather than including bias or prejudice. It is appellant's contention that a mistrial should have been declared and a *new* jury impaneled. In order to decide this case, "disabled from sitting" must be defined.

The decisions by this Court involving Art. 36.29 have all involved a physical or mental disability. In each case there was no error in discharging the juror prior to the trial court's reading of the jury charge and the trial continuing with eleven jurors. Thus discharges because of a disability based upon the following have been upheld: a juror was arrested for driving under the influence of intoxicating liquors during a noon recess, *Griffin v. State*, supra; a juror was emotionally upset over the death of his father-in-law and needed to go out of the state to be with his wife and none of the parties objected to proceeding with the remaining jurors, *Clark v. State*, 500 S.W.2d 107 (Tex.Cr.App.1973); a juror became ill after some sort of attack and was taken to the hospital, *Maciel v. State*, supra; a juror was struck by an automobile and taken to a hospital, *Johnson v. State*, 525 S.W.2d 170 (Tex.Cr.App.1975); a juror was ill with influenza, *Allen v. State*, 536 S.W.2d 364 (Tex.Cr.App.1976). See also *Torres v. State*, 91 Tex.Cr.R. 386, 238 S.W. 928 (1922); *Woodward v. State*, 42 Tex.Cr.R. 188, 58 S.W. 135 (1900); *McCoy v. State*, 106 Tex. Cr.R. 593, 294 S.W. 573 (1927). *Ray v. State*, 4 Tex.Ct.App. 450 (1878).

The Texas Rules of Civil Procedure has a provision similar to Art. 36.29. Rule 292, in part, provides:

"[W]here as many as three jurors die or be disabled from sitting . . . those remaining may render and return a verdict."

The decisions by the civil courts interpreting "disabled from sitting," like this Court, have involved a physical, emotional, or mental disability. It was proper to discharge a juror and continue the trial when a juror had a serious illness in his family, *Houston and Texas Central Railway v. Waller*, 56 Tex. 331 (1882); *Tram Lumber Co. v. Hancock*, 70 Tex. 312, 7 S.W. 724 (1898); *Barker v. Ash*, 194 S.W. 465 (Tex.Civ.App.—Dallas

1917, writ ref'd); *Schebesta v. Stewart*, 37 S.W.2d 781 (Tex.Civ.App.—Fort Worth 1930, writ dis'd); *Southern Pacific Transportation Co. v. Peralez*, 546 S.W.2d 88 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n. r. e.); when a juror was intoxicated, *Routledge v. Elmendorf*, 54 Tex.Civ.App. 174, 116 S.W. 156 (1919, writ ref'd); and when a juror was mentally unsound. *Sunset Wood Co. v. Broadnax*, 136 S.W. 487 (Tex.Civ.App.1911, writ ref'd); *Marvin Drug Co. v. Couch*, 134 S.W.2d 356 (Tex.Civ. App.—Dallas 1939, dism. judgm. cor.) One case does not specifically involve a physical, emotional, or mental disability of a juror. In *State v. Humble Oil and Refining Co.*, 187 S.W.2d 93 (Tex.Civ.App.—Waco 1945), aff'd 194 S.W.2d 811 (Tex.1946), a juror was discharged for jury misconduct and the trial continued to the remaining jurors. It was held that the trial court did not abuse its discretion. However, this case may be distinguished from the rest because, as the Court of Civil Appeals emphasized, no objections were made to the juror's discharge and continuing to try the case to the same jury. Further, the case at bar does not involve jury misconduct.

In *Griffin v. State*, supra, we stated that, "Disabled, as used herein, means any condition that inhibits the juror from fully and fairly performing the functions of a juror." The State argues that this definition encompasses bias and prejudice as a disability. We do not agree. The condition referred to is physical, mental or emotional. The language of the Article and the cases applying it make it clear that the Legislature's intent was to limit the Article's application to those cases where the juror was physically or mentally impaired in some way or all the parties consented to trying the case with just eleven jurors. As was stated in *Dickson v. J. Weingarten, Inc.*, 498 S.W.2d 388 (Tex.Civ.App.—Houston, 14th Dist.1973, no writ) in construing "disabled from sitting" the trial court's discretion in determining a disability of a juror "largely lies in the area of determining whether illness, mental disability, misconduct, drunkenness or other fact constitutes being 'disabled from sitting.'"

We conclude that the trial court before discharging the juror should have advised the appellant he would continue the trial without discharging the juror unless the appellant either agreed to continue the trial with eleven jurors or asked for a mistrial. The court should then, depending on the appellant's election, have granted a mistrial or continued with eleven jurors. If the appellant refused to make an election the court should not have discharged the juror, but continued the trial without discharging the juror. The trial court erred in failing to give the appellant an opportunity to choose between continuing with eleven jurors or seeking a mistrial.

The judgment is reversed and the cause remanded.