Dean W. BUCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 59119.

Court of Criminal Appeals of Texas, Panel No. 3.

June 11, 1980.

Paul W. Hanneman, Austin, on appeal only, for appellant.

James L. McMurtry, County Atty., and Joseph A. Turner, Asst. County Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, TOM G. DAVIS and CLINTON, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for driving while intoxicated. Punishment was assessed at ten days in jail and a $500 fine, and appellant was placed on probation.

In his only ground of error appellant contends he was denied his constitutional and statutory rights to a jury trial. He bases this ground of error on the fact that he was tried by a jury of five instead of six persons,[1] citing Article 5, Sec. 17, Texas Constitution, and Art. 33.01, V.A.C.C.P.

From the excerpted record in this case (a complete transcription of the court reporter's notes is not in the record before us, and there is no indication of indigency), it is not clear that an objection was actually made to the trial court,[2] and it is clear that no adverse ruling was obtained. Under the authority cited by appellant, *Mackey v. State*, 68 Tex.Cr.R. 539, 151 S.W. 802, this record reflects an effective waiver of the right urged:

"The record shows that in the organization of the jury, when both sides got through with their challenges, only five jurors were left. Thereupon both sides agreed in open court, both appellants being present, to try the case before a jury of five, which was done. No objection was made by the appellants, or either of them, by their attorney, or any other way, pending the trial. After the verdict of conviction, on motion for new trial, for the first time appellants claim that the case was tried before a jury of five men only, instead of six, and that they personally did not agree to this at the time. The verdict, as rendered, was signed by one man as foreman, and not by the other four. We think the record clearly shows that each of the appellants did agree to try the case before a jury of five men; but, *whether they did or not, they knew all the time during the trial and until after its conclusion that they were being tried by a jury of five men, and made no objection thereto.* The charge against them was a misdemeanor. Our statute provides that an appellant in a misdemeanor case can waive a jury altogether. This would carry with it the further right less than six men. *Stell v. State*, 14 Tex.App. 59. And it was too late for appellants to make said objection to wait till after the verdict of the jury before making any complaint. *West v. State*, 54 Tex.Cr.R. 597, 114 S.W. 142; *Munson v. State*, 34 Tex.Cr.R. 498, 31 S.W. 387; C.C.P. art. 938." (Emphasis added.)

We similarly find that appellant's going to trial with a jury of five without making any objection known to the trial court constituted a waiver in this case.

Appellant also argues that the five person jury was federal constitutional error under *Ballew v. Georgia*, 435 U.S. 323, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978). We hold this right was also waived. Even though appellant was tried before *Ballew* was de-

---

1. One of the original jurors became sick after selection and was unable to serve.

2. Two attorneys represented appellant at trial, and the record reflects what appears to be a discussion between them about objecting on this ground. None of the court's comments reflects that the court even heard the attorneys' remarks.

cided, his rights under state law were as broad as those under federal law, and the failure to make any objection to the proceedings on either ground was sufficient to waive both. This is not a situation where failure to object is excusable because no right had been recognized at the time of trial.

The ground of error is overruled and the judgment is affirmed.