Damiel SAMUDIO, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0267–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 13, 1982.

Dan Gerson, Houston, for appellant.

Larry Urquhart, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C. J., and DOYLE and STILLEY, JJ.

OPINION

EVANS, Chief Justice.

As a result of a fight, during which the complaining witness was stabbed with a

knife, the appellant was charged by information with the misdemeanor offense of assault with intent to cause bodily injury. After a trial to the court, the appellant was found guilty, and his punishment was assessed at one year confinement in jail. However, the trial court later reformed the judgment, reducing the appellant's punishment to six months confinement.

In his first two grounds of error, the appellant contends that the trial court erred in proceeding to trial without a jury, asserting under these points that the record does not reflect a waiver of his right to a jury trial.

■ Except in certain instances not pertinent here, a defendant's right to a trial by jury in a criminal case is a fundamental right guaranteed under the Sixth and Fourteenth Amendments of the United States Constitution. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, (1968), reh. den., 392 U.S. 947, 88 S.Ct. 2270, 20 L.Ed.2d 1412. This right is expressly recognized by our Texas Constitution, art. 1 § 15, and in our Texas Code of Criminal Procedure, art. 1.12. A defendant in a misdemeanor case has the same right to a trial by jury as a defendant charged with a felony offense. *Franklin v. State*, 576 S.W.2d 621 (Tex.Cr.App.1978).

The right to a trial by jury may, however, be waived pursuant to the provisions of art. 1.13, Tex.Code Crim.Pro.Ann., which provides:

> Art. 1.13 Waiver of trial by jury. The defendant in a criminal prosecution for any offense classified as a felony less than capital shall have the right, upon entering a plea, to waive the right of trial by jury, conditioned, however, that such waiver must be made in person by the defendant in writing in open court with the consent and approval of the court, and the attorney representing the State. The consent and approval by the Court shall be entered of record on the minutes of the court, and the consent and approval of the attorney representing the State shall be in writing, signed by him, and filed in the papers of the cause before the

defendant enters his plea. Before a defendant who has no attorney can agree to waive the jury, the court must appoint an attorney to represent him.

■ In a misdemeanor case, the waiver of a jury trial need not be in writing. *United States v. Smith*, 523 F.2d 788 (5th Cir. 1975); *Lamb v. State*, 409 S.W.2d 418 (Tex. Cr.App.1976). However, mere acquiescence in a non-jury proceeding does not constitute a waiver, and unless the defendant expressly waives the right, the trial must be to a jury even though judgment erroneously recites that the right was waived. *Dillon v. State*, 165 Tex.Cr.R. 217, 305 S.W.2d 956 (1957).

■ The printed form of judgment used in the case at bar recites that, "no jury having been demanded, trial proceeded before the Court ...," and a docket sheet notation also indicates that the trial was to the court. However, the record does not contain any evidence showing that the appellant, either orally or in writing, expressly waived his right to a jury trial.

The State, with commendable candor, admits in its brief that the judgment recitation is not evidence of an express waiver, and that the record is silent as to whether the appellant orally waived his right to a trial by jury. It is the State's position, however, that an oral waiver should be inferred from the fact that the appellant and his trial counsel participated, without objection, in the non-jury proceedings, and made no complaint regarding the non-jury trial until the filing of this appeal. In support of its position, the State cites *Buck v. State*, 599 S.W.2d 810 (Tex.Cr.App.1980), in which the appellant contended that he had been denied his constitutional and statutory rights to a jury trial because he was tried by a jury of five persons rather than six. In *Buck*, the judgment was affirmed on the rationale that the defendants, having agreed through their attorneys to a trial before a five-person jury, and having participated throughout the trial without objection, had effectively waived their right to a six-person jury.

The State's argument has been well presented and is quite persuasive. However, the circumstances in the case at bar are distinguishable from those in the *Buck* case upon which the State relies to support its position. In *Buck*, the defendant chose and received a trial by jury, albeit an irregular jury, and the defendant's counsel expressly agreed to the trial before a five-person jury. In the case at bar, the record does not reflect that either the appellant or his counsel expressly agreed to waive a jury trial.

In cases involving the right to counsel, it has been stated that the waiver of fundamental constitutional rights should not be lightly inferred, *Parker v. State*, 545 S.W.2d 151 (Tex.Cr.App.1977), and that such a waiver will not be presumed from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Similarly, the right to trial by jury cannot be inferred from mere acquiescence in a non-jury proceeding, *Dillon v. State*, supra, and the record must affirmatively show a knowing and intelligent waiver by the defendant. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

In the case at bar, the record does not affirmatively show that the appellant expressly waived his right to a trial by jury, and the appellant's first and second grounds of error must, therefore, be granted.

In his third ground of error, the appellant contends that the trial court erred in finding him guilty as charged in the information, because the evidence did not show that the complainant and the witness at trial were the same person, and because the witness testified that he was attacked on a date different from the date alleged in the information.

The information alleged that the appellant intentionally and knowingly caused bodily injury to Eugene Lorenzo, Jr., the complainant, by stabbing him with a knife on or about August 29, 1980. At the trial, the witness testified that his name was Eugene Lorenzo, and that during the early morning hours of August 30, 1980, the appellant stabbed him, and that he made complaint against the appellant because of the stabbing.

Under the evidence in the record, there is no material variance between the name of the person alleged in the information as the complainant and the witness who testified he was the victim of the appellant's wrongful act. *Hardin v. State*, 88 Tex.Cr.R. 495, 227 S.W. 676 (1920); *Adams v. State*, 300 S.W. 78, 108 Tex.Cr.R. 314 (1927). Neither is there a material variance between the date alleged in the information and the date upon which the complaining witness testified the attack occurred. This ground of error is overruled.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.