**Oscar SOLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–95–218–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 22, 1997.

Alfredo Morales, Jr., Rogelio Garza, Edinburg, for Appellant.

Rene Guerra, District & County Attorney, Traci A. Sellman, Asst. Criminal District Attorney, Edinburg, for Appellee.

Before FEDERICO G. HINOJOSA, Jr., YANEZ and RODRIGUEZ, JJ.

1. We cite the current sections of the Penal Code, because amendments to these sections subse-

## OPINION

YANEZ, Justice.

Charged with burglary of a habitation and aggravated assault upon a peace officer, appellant was convicted by a jury on the burglary charge and the lesser included offense of resisting arrest, respectively. TEX. PENAL CODE ANN. §§ 30.02(a)(1), 38.03(a) (Vernon 1994).[1] On appeal, appellant challenges the trial court's discretion to declare a particular juror "disabled" and to continue the trial with only eleven jurors. We reverse and remand.

On January 17, 1995, a twelve-member jury, with no alternates, was selected and sworn. The jury was then dismissed for the day and instructed to return the next morning for opening arguments. On January 18, after the jury was seated, juror Ben Robert Neeley requested to speak with the judge. Neeley and the judge went into the judge's chambers without the presence of counsel for the State or appellant and without a court reporter. When the judge and juror returned to the courtroom, the jury was excused. The court then explained that because of a burglary that occurred in Neeley's neighborhood overnight, the victim of which was a Department of Public Safety (DPS) trooper, Neeley no longer felt he could presume appellant innocent. The court inquired whether any other jury panels were in the courthouse as possible sources for a replacement juror. None were available. The court then called Neeley to the stand to explain why he could no longer presume appellant's innocence. He did so and noted that he told his fellow jurors about what happened in his neighborhood. The court instructed Neeley not to discuss the matter with fellow jurors any further.

Counsel for appellant then noted that Neeley's disposition made him subject to striking for cause and moved for a mistrial, on the ground that Neeley's comments to the jury tainted them. The court responded that it would disqualify Neeley and inquire with the jury in open court as to their opinions about what Neeley told them. Neeley was ex-

quent to when the facts of this case developed have no bearing on the outcome of this case.

cused. In response to questioning from the court, none of the remaining jurors indicated that they would have a problem presuming appellant innocent. Following a brief recess in the proceedings, counsel for appellant again moved for a mistrial, this time asserting that under Article 36.29 of the Code of Criminal Procedure, the court, at this point, would have discretion to continue the trial with eleven jurors only if the twelfth juror had died or become disabled, and that Neeley's condition, as a matter of law, fit neither condition. The court denied the motion.

By his sole point of error, appellant claims that the trial court had no discretion to find Neeley "disabled" and that, as a result, the court lacked discretion to continue the trial with only eleven jurors. Appellant argues that in the context of Article 36.29, the term "disabled" contemplates only physical illness, a mental condition, or emotional state, not bias or prejudice. The State charges that the trial court did not abuse its discretion in declaring Neeley "disabled."

The Texas Constitution states, in part, that "Grand and petit juries in the District Courts shall be composed of twelve men; . . . ." TEX. CONST. art. 5, § 13. This requirement is non-waivable, even with the consent of the accused. *Jones v. State,* 52 Tex.Crim. 303, 106 S.W. 345, 347 (1907) (opinion on rehearing). Except when alternate jurors have been chosen for capital cases in which the state seeks the death penalty, Article 36.29 of the Texas Code of Criminal Procedure provides that "when pending the trial of any felony case, one juror may die or become disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict." TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (Vernon Supp.1997).

The determination of whether a juror is disabled is within the discretion of the trial court, but this discretion is limited to situations in which a physical illness, mental condition, or emotional state hinders one's ability to perform his duty as a juror. *Land-*

*rum v. State,* 788 S.W.2d 577, 579 (Tex.Crim. App.1990); *State v. Balderas,* 915 S.W.2d 913, 917 (Tex.App.—Houston [1st Dist.] 1996, pet. filed); *Freeman v. State,* 838 S.W.2d 772, 774 (Tex.App.—Corpus Christi 1992, pet. ref'd). As contemplated in Article 36.29, the term "disabled" does not encompass bias or prejudice. *Landrum,* 788 S.W.2d at 579; *Bass v. State,* 622 S.W.2d 101, 105 (Tex.Crim. App.1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982); *Carrillo v. State,* 597 S.W.2d 769, 771 (Tex.Crim.App. 1980). *Cf. Griffin v. State,* 486 S.W.2d 948, 951 (Tex.Crim.App.1972) (holding that an intoxicated juror was "disabled"); *Hughes v. State,* 787 S.W.2d 193, 195 (Tex.App.—Corpus Christi 1990, pet. ref'd) (holding that an ill juror was disabled). When one of twelve jurors in a felony case is discharged but not disabled under Article 36.29, the trial may not proceed with only eleven jurors. *Ex parte Hernandez,* 906 S.W.2d 931, 932 (Tex. Crim.App.1995).[2]

In the instant case, Neeley testified that because of the post-*voir dire* burglary of the home of one his neighbors, the DPS trooper, he might find it difficult to presume appellant innocent at trial. What Neeley told the judge in his chambers is unknown because no record of that conversation was made. Counsel for appellant nevertheless sought the discharge of Neeley from the jury because of apparent bias or prejudice against appellant, counsel for the State raised no objection, and the trial court acquiesced. No physical illness, mental condition, or emotional state, was raised on these facts. In consideration of the stated basis for the discharge of Neeley, the trial court lacked discretion to transform an "[inability] to follow the law" into a "disability" contemplated by Article 36.29. *Cf. Bass,* 622 S.W.2d at 105 (holding that juror's doubts as to her impartiality related to her post-*voir dire* experience of being held at knife-point by an intruder did not constitute a disability); *Carrillo,* 597 S.W.2d at 771 (holding that bias and prejudice do not constitute a dis-

---

2. *Moya v. State,* 691 S.W.2d 63, 65 (Tex.App.—San Antonio 1985, no pet.), follows *Carrillo v. State,* 597 S.W.2d 769, 771 (Tex.Crim.App.1980), in holding that a felony case may be tried with eleven jurors if all parties agree. We find no analysis in either case addressing prior authority that the twelve-juror requirement in a felony case is non-waivable. *Cf. Jones,* 106 S.W. at 347.

ability, where juror recalled that defendant's sister was one of juror's former students). We hold that the trial court reversibly erred in denying the motion for mistrial and allowing the trial to proceed with only eleven jurors.

Accordingly, the judgment of the trial court is reversed and this cause is remanded to the trial court.