William Green Biggs Jr. v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-02-048-CR

     WILLIAM GREEN BIGGS, JR.,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 401st District Court
Collin County, Texas
Trial Court # 401-80537-01
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      William Green Biggs, Jr. pleaded guilty to possession of less than one gram of cocaine and
true to enhancement allegations. Pursuant to the State’s plea recommendation, the court assessed
Biggs’s punishment at two years’ imprisonment. Biggs filed a general notice of appeal. To
properly invoke the jurisdiction of this Court over an appeal from a negotiated guilty plea, an
appellant must file a notice of appeal which complies with Rule of Appellate Procedure 25.2(b)(3). 
See White v. State, 61 S.W.3d 424, 429 (Tex. Crim. App. 2001); Tex. R. App. P. 25.2(b)(3). 
Biggs’s general notice of appeal does not. Accordingly, we dismiss Biggs’s appeal for want of
jurisdiction.
 
                                                                               PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Appeal dismissed for want of jurisdiction
Opinion delivered and filed March 13, 2002
Do not publish
[CR25]



89in; text-indent: -2.1in; margin-left: 2.1in; margin-right: 2.1in">      DEFENSE COUNSEL:   Sure.
      THE COURT:    Why don't you just pick the next one on the list and let's call and see if we
can get them back up here.
(Here, an off-the-record discussion, after which the following proceeding occurred). 
      THE COURT:    One of the jurors has made it known to the bailiff that he speaks no
English. He does not speak or understand English. I'm going to excuse
that juror and all counsel have agreed they will continue with eleven jurors. 
Is that correct, gentlemen?
      DEFENSE COUNSEL:   Yes, sir.
      PROSECUTOR:       That's correct.
      THE COURT:    I'll ask you [Appellant], do you agree to eleven jurors instead of twelve?
      [APPELLANT]:       Yes.
      THE COURT:    Let the record reflect [Appellant] agrees in open court.
      Article 36.29(a) provides:
Not less than twelve jurors can render and return a verdict in a felony case. It
must be concurred in by each juror and signed by the foreman . . . when
pending the trial of any felony case one juror may die or be disabled from sitting
at any time before the charge of the court is read to the jury, the remainder of
the jury shall have the power to render the verdict; but when the verdict shall
be rendered by less than the whole number, it shall be signed by every member
of the jury concurring in it.

The language of article 36.29 and the cases which have applied it hold that its intent was to limit
application to those cases where the juror was physically or mentally impaired in some way, or
the parties consented to trying the case with just eleven jurors. Carrillo v. State, 597 S.W.2d 769,
771 (Tex. Crim. App. 1980). 
      Because the parties agreed and Appellant's consent is on the record, the juror was "disabled"
as contemplated by article 36.29. In any event, Appellant waived any error by expressly agreeing
to continue with eleven jurors. Buck v. State, 599 S.W.2d 810 (Tex. Crim. App. 1980); Somudio
v. State, 648 S.W.2d 312, 314 (Tex. Crim. App. 1983).
      A trial court's alleged failure to comply with the statutory requirements for selection of jury
panels is not reversible error absent a showing of injury, which is not present here. Cooks v.
State, 844 S.W.2d 697, 725 (Tex. Crim. App. 1992).
      Appellant's point is overruled. The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Chief Justice Thomas,
      Justice Cummings, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed October 4, 1995
Do not publish