# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00765-CR
## NO. 03-04-00768-CR

**David Keith Engledow, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT**
**NOS. 04-400-K26 & 04-993-K26,**
**HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

An eleven-person jury convicted appellant David Keith Engledow of the offenses of aggravated sexual assault and indecency with a child. In a single issue on appeal, appellant complains that the trial court abused its discretion by "deeming" a juror disabled due to a death in her family and allowing the trial to continue with eleven jurors. Finding that the trial court did not abuse its discretion, we affirm the judgments of conviction.

At the end of the second day of a three-day trial, the trial judge advised the lawyers that a juror's husband was in his chambers. The judge reported that the juror's sister had "just gone

into a coma, and she's in Monterrey, Mexico, and [the husband] is basically asking what the procedure is." He knew that when he told his wife about her sister's illness, she would want to immediately depart for Monterrey and "she won't be fit to sit on the jury." The court instructed the lawyers to report before trial the next morning to discuss the matter after they had reviewed the law regarding juror disability and the court had received a status report from the juror.

When court convened the next morning, the trial judge advised the parties:

> We found out yesterday afternoon that Ms. Gonzalez, one of the jurors, her sister had gone into a coma, and we received word this morning that she has passed away. I've spoken personally to both her and her husband, and I have concluded as a result of that telephone call that she is distraught, that she would be unable to concentrate and to serve as a juror, and I'm declaring her unable to—or disabled and, therefore, excusing her, and we will continue with eleven jurors.

Defense counsel stated, "[F]or the record I would have an objection to that juror being excused based on disability." On appeal, appellant contends that the trial court abused its discretion by deeming, without evidence, that a juror was disabled, and allowing the trial to continue over the objection.

The Texas Constitution requires a jury in a felony criminal trial to be composed of twelve members. Tex. Const. art. V, § 13. It further provides that the legislature may change or modify this provision to authorize less than the whole number of the jury to render a verdict if a juror dies or is disabled from sitting. *Id*. Article 36.29 of the Texas Code of Criminal Procedure tracks the language of the constitution and provides that "after the trial of any felony case begins and a juror dies or, as determined by the judge, becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict."

2

Tex. Code Crim. Proc. Ann. art. 36.29(a) (West Supp. 2005). A juror is disabled when the juror is physically, emotionally, or mentally impaired in some way that hinders the juror's ability to perform the duty of a juror. *Brooks v. State*, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999). The determination as to whether a juror is disabled is within the discretion of the trial court. *Id*. Absent an abuse of that discretion, we will not find reversible error. *Id*.

In a criminal case, an appellate court may reverse a trial court's decision for an abuse of discretion only when it appears that the court applied an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law and the facts viewed in the light most favorable to its legal conclusion. Even if the appellate court would have reached a different result, it should not intercede as long as the trial court's ruling was within the "zone of reasonable disagreement." *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). The district court abuses its discretion when it arbitrarily or unreasonably excuses a juror without reference to any guiding rules and principles. *Id*.

The initial question before us is whether the juror was disabled within the context of article 36.29(a). Tex. Code Crim. Proc. Ann. art. 36.29(a). Disability is not limited to physical disease, but includes "any condition that inhibits a juror from fully and fairly performing the functions of a juror." *Reyes v. State*, 30 S.W.3d 409, 411 (Tex. Crim. App. 2000). The disabling condition may result from physical illness, mental condition, or emotional state. *Id*.

Appellant complains that the trial court abused its discretion by allowing the trial to continue with only eleven jurors without hearing evidence that the juror was indeed disabled.

3

Although there must be some showing of disability, the legal standard by which a trial court determines that a juror has become disabled does not require that the trial court obtain a particular type of proof of the disability. As this Court has stated with regard to a prior version of this statute, "the Legislature intended that the decision to continue the trial before eleven jurors be a matter resting in the sound discretion of the trial judge, as is his determination of whether a juror's disability is sufficient to prevent his sitting in the case." *Campbell v. State*, 644 S.W.2d 154, 162 (Tex. App.—Austin 1982, writ ref'd).

In *Allen v. State*, a case in which a doctor's note was offered into evidence even though the juror had not actually been examined by the doctor, the trial court's decision to excuse a juror "based on his condition and the physical well-being of the other jurors" was held not an abuse of discretion "under the circumstances presented." 536 S.W.2d 364, 366-67 (Tex. Crim. App. 1976). In *Quintanilla v. State*, the trial court's decision to excuse a juror on the grounds that her husband had become ill the evening before was not an abuse of discretion because "the trial court was able to observe [the juror's] attitude and demeanor, and could reasonably have determined that [she] was too distracted by her husband's need for medical care to effectively perform her obligations as a juror." 40 S.W.3d 576, 581 (Tex. App.—San Antonio 2001, pet. ref'd); *see also Clark v. State*, 500 S.W.2d 107, 108-09 (Tex. Crim. App. 1973) (excusing juror as disabled who was emotionally upset by the death of father-in-law). In *Ricketts v. State*, a juror called the court long distance to inform it that her father had died. 89 S.W.3d 312, 316 (Tex. App.—Fort Worth 2002, pet. ref'd). She informed the judge that it would cause her great mental distress to miss her father's funeral. The

4

court of appeals found that the trial court "verified the death of her father and had the benefit of speaking with her on the telephone to judge her demeanor." *Id*. at 318. In these cases, the appellate court was satisfied that the trial court excused the juror based on some showing, so that the determination of disability was not arbitrary or unreasonable. The question on appeal is limited to whether the trial court had some guiding basis for determining that the juror's circumstances met the statutory requirement of a disability.

Here, the court's exercise of discretion had support in the record. The record reveals that the juror's husband had come to the court to report that the juror's sister had slipped into a coma. In a telephone call the next morning, the judge learned that she had died during the night. The trial judge spoke directly to the juror and her husband to evaluate her demeanor and emotional state. Although appellant objected generally "to that juror being excused based on disability," he did not object that the court failed to summon the juror for a hearing or that the disability was in any way a ruse. *See Clark*, 500 S.W.2d at 109 ("Evidently they did not consider that the judge was abusing his discretion, else an issue could have been made and evidence heard, from which this Court might determine whether abuse of discretion existed."). We hold that the trial court did not abuse its discretion by dismissing the juror.

Although appellant did not move for a mistrial or seek a continuance, on appeal he challenged the court's decision to continue the trial. Having held that the trial court did not abuse its discretion by dismissing the juror, we hold that the court's decision to continue the trial with eleven jurors because of the juror's disability did not amount to an abuse of discretion. On the

contrary, once the court determined that the juror was disabled, it was required to continue the trial. *See Hill v. State*, 90 S.W.3d 308, 315 (Tex. Crim. App. 2002); *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex. Crim. App. 1980).

Having overruled appellant's issue on appeal, we affirm the judgments of conviction.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   February 16, 2006

Do Not Publish