NUMBER
13-04-620-CR

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

 

 

 

JOHNNIE
JONES,                                                    Appellant,

 

                                           v.

 

THE STATE OF TEXAS,                                              Appellee.

 

 

 

                  On
appeal from the 130th District Court

                         of
Matagorda County, Texas.

 

 

 

                     MEMORANDUM
OPINION

 

      Before
Chief Justice Valdez and Justices Rodriguez and Garza

Memorandum Opinion by
Justice Rodriguez

 








Appellant, Johnnie Jones, was charged with delivery
of a controlled substance in a drug-free zone. 
See Tex. Health &
Safety Code '' 481.112(d), 481.134 (Vernon 2005).  A jury found appellant guilty and assessed
punishment at confinement for ninety-nine years in the Texas Department of
Criminal Justice-Institutional Division and a fine of $20,000.  The trial court has certified that this case
"is not a plea bargain case, and the defendant has the right of
appeal."  See Tex. R. App. P. 25.2(a)(2).  By two points of error, appellant contends
that the trial court erred (1) in denying his motion for continuance, and (2)
by finding a juror disabled and proceeding to trial with an eleven member
jury.  We affirm.

I. 
Background

All issues of law presented by this case are
well-settled, and the parties are familiar with the facts.  Therefore, we will not recite the law or the
facts except as necessary to advise the parties of the Court=s decision and the basic reasons for it.  See Tex.
R. App. P. 47.4.

II. 
Continuance

By his first point of error, appellant
asserts that the trial court abused its discretion in denying his motion for
continuance.  The State argues, however,
that appellant failed to preserve this complaint for review.  We agree. 









Article
29.03 of the Texas Code of Criminal Procedure requires that a motion for
continuance be in writing.  See Tex. Code Crim. Proc. Ann. art. 29.03
(Vernon 2005).  In addition, article 29.08
requires that all motions for continuance be sworn to by a person having
personal knowledge of the facts relied on for the continuance.  Id. art. 29.08.  Moreover, the Texas Court of Criminal Appeals
has held that "a motion for continuance not in writing and not sworn to
preserves nothing for review." Dewberry v. State, 4 S.W.3d 735, 755
(1999) (citing Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim. App.
1995); Montoya v. State, 810 S.W.2d 160, 176 (Tex. Crim. App.
1989)).  Here, appellant presented an
unsworn oral motion for continuance. 
Because this motion was oral, instead of written, and not sworn to,
appellant failed to preserve error with respect to the motion.  Id. 
Therefore, we overrule appellant=s first point of error.

III.  Absent Juror

In his
second point of error, appellant contends that the trial court erred by finding
a juror disabled and proceeding to trial with an eleven member jury.[1]









Article
36.29 of the Texas Code of Criminal Procedure provides that "after the
trial of any felony case begins and a juror . . . , as determined by the judge,
becomes disabled from sitting at any time before the charge of the court is
read to the jury, the remainder of the jury shall have the power to
render the verdict."  Tex. Code Crim. Proc. Ann. art.
36.29(a) (Vernon Supp. 2005) (emphasis added). 
Disabled, as used herein, means "any condition that inhibits the
juror from fully and fairly performing the functions of a juror."  Clark v. State, 500 S.W.2d 107, 108-09
(Tex. Crim. App. 1973).  The disabling
condition may result from a physical illness, mental condition, or an emotional
state.  Reyes v. State, 30 S.W.3d
409, 411 (Tex. Crim. App. 2000).     The
determination as to whether a juror is disabled lies within the sound
discretion of the trial court.  Brooks
v. State, 990 S.W.2d 278, 286 (Tex. Crim. App. 1999).  Absent an abuse of that discretion, no
reversible error will be found.  Id.
          In the underlying case, a jury
had been empaneled and sworn in by the trial court.  The following day, one of the jurors reported
to the trial court that she was no longer able to serve in the capacity of a
juror because her father-in-law had passed away the previous night.  After asking the juror questions regarding
her emotional state and role as a juror, the trial court found the juror to be
disabled and permitted the trial to proceed with only eleven jurors.  Although appellant asserts the trial court
abused its discretion in finding the juror disabled, the record does not
support appellant=s assertion.  Based on the facts of this case, we conclude
the trial court acted within its discretion in finding the juror disabled
because of her emotional state.  See
Reyes, 30 S.W.3d at 411 (providing that a juror's disabling condition may
result from an emotional state); Clark, 500 S.W.2d at 108-09 (holding
that a trial court's determination that a juror was disabled because she was
emotionally upset by the death of her father-in-law was proper).  Furthermore, because the juror was found to
be disabled, the trial court was permitted to proceed to trial with an eleven
member jury.  See Tex. Code Crim. Proc. Ann. art.
36.29(a); Williams v. State, 631 S.W.2d 955, 957 (Tex. App.CAustin 1982, no pet.).  Thus, we overrule appellant=s second point of error.








IV.  Conclusion

Accordingly,
we affirm the judgment of the trial court.

 

NELDA V. RODRIGUEZ

Justice

 

Do not publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and

filed this 22nd day of June, 2006.

 











[1]To the extent appellant
seeks to complain that the trial court erred by (1) not ascertaining Ahow long the juror would
feel the way she did,@ and (2) failing to
consider an alternate schedule for the trial based on the juror=s disability, his
briefing is inadequate.  See Tex. R. App. P. 38(1)(h) (requiring the
brief to contain clear and concise arguments for the contentions made, with
appropriate citations to authorities and the record).  Therefore, such contentions are not before
us.