**Johnny Pete MACIEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49197.**

Court of Criminal Appeals of Texas.

Jan. 15, 1975.

Rehearing Denied Feb. 5, 1975.

Samuel R. Jones and Ben Selman, Waco, for appellant.

Martin D. Eichelberger, Dist. Atty., Randall Sellers, Asst. Dist. Atty., Waco, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed by the jury at life.

The State's testimony reflects that appellant shot J. B. Gonzales, the deceased, while he was seated at a table in a cafe and in the back as he was trying to leave the cafe. The record reflects that Gonzales had been married to the sister of appellant. Gonzales was with his former wife and they were eating at the time of the homicide. Gonzales and the appellant had been arguing during the day. Apparently appellant did not want his sister to go with Gonzales. Gonzales had a pocket knife in one of his boots. It was found while his body was being examined.

Appellant presents some fourteen grounds of error complaining mostly about comments of the special prosecutor during voir dire examination, during argument, the admission of a photograph in evidence and the exhibition of a scar to the jury, and because the case was concluded with

eleven jurors. The sufficiency of the evidence is not attacked.

First, the question of the conclusion of the case with only eleven jurors will be discussed. Article 36.29, Vernon's Ann.C. C.P., provides:

"Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman; provided, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. After the charge of the court is read to the jury, if any one of them becomes so sick as to prevent the continuance of his duty, or any accident of circumstance occurs to prevent their being kept together under circumstances under which the law or the instructions of the court requires that they be kept together, the jury may be discharged."

At the guilt stage of the trial and before the charge had been submitted to the jury, one of the jurors had suffered some sort of attack during the recess and was taken to the emergency room of Providence Hospital in Waco. He had been examined by a physician and was admitted to the hospital. His blood pressure was extremely high. The trial had been in process for two and a half days. The court announced that the case would continue with eleven jurors in accordance with Article 36.29, supra. Appellant's counsel objected and contended that the article was unconstitutional and asked the court to continue the case or order a mistrial.

Article 5, Section 13 of the Constitution of Texas, Vernon's Ann.St., provides:

"Grand and petit juries in the District Courts shall be composed of twelve men; but nine members of a grand jury shall be a quorum to transact business and present bills. In trials of civil cases, and in trials of criminal cases below the grade of felony in the District Courts, nine members of the jury, concurring, may render a verdict, but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it. When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict; provided, that the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict."

■ Article 36.29, supra, complies with this constitutional provision.

Appellant contends that the beginning sentence of the statute "not less than twelve jurors can render a verdict in a felony case" and the provisions later in the statute providing that the jury may render a verdict when one juror may die or be disabled from sitting is conflicting and makes this statute vague. The statute provides that twelve jurors can render a verdict but the special provision that where one becomes disabled is an exception to that rule.

We hold that the statute is neither vague nor conflicting.

■ In Griffin v. State, 486 S.W.2d 948 (Tex.Cr.App.1972), this Court held that where a juror became intoxicated during the noon recess and was placed in jail by an officer who reported the matter to the court the trial court properly declared the juror disabled and ordered the case to proceed with eleven jurors. The Court wrote:

"Disabled, as used herein, means any condition that inhibits the juror from fully and fairly performing the functions of a juror. Absent an abuse of discretion by the trial judge in determining

disability of a juror, no reversible error is shown."

In Clark v. State, 500 S.W.2d 107 (Tex. Cr.App.1973), this Court held that it was not error for the trial court to continue with the trial where one of the jurors was emotionally disabled because of the death of his father-in-law.

No reversible error is reflected. The judgment is affirmed.[1]

---

1. This opinion is divided into two parts. Part II is not for publication. It contains nothing new and adds nothing to the jurisprudence of this State.

It is a matter of record, but it should not be cited, because it will not be accepted as authority in any other case. See Thompson v. State, 514 S.W.2d 275 (Tex.Cr.App.1974)