**Michael Jack BOMER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–91–00045–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 12, 1992.

Discretionary Review Refused
June 3, 1992.

Vicki A. Turko, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Carol M. Cameron, Stuart Burns, Asst. Dist. Attys., for appellee.

Before COHEN, SAM BASS and WILSON, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of unauthorized use of a motor vehicle, and the trial court, after finding two enhancement allegations true, assessed punishment at 30 years imprisonment. We affirm, but we condemn the prosecutor's opening statement that he would present damaging evidence he knew he could not present, except by violating the rules of evidence.

■ In his first point of error, appellant asserts the evidence is insufficient. We view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia* 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979).

On May 31, 1990, the complainant parked his 1983 GMC truck, license plate number ZD6800, left the keys in the truck, walked away, returned, and saw the truck being driven away. The complainant could not identify the driver. The complainant did not give appellant consent to operate his truck.

On June 6, 1990, Deputy Wilson learned that appellant possessed a stolen truck that was parked in front of his house. Wilson went there and saw a 1983 GMC truck, license number ZD6800, parked in front. Wilson confirmed the truck was stolen.

While another officer watched the house, Wilson anonymously called appellant's residence, spoke with a female, and stated the "cops" knew "Mike" had a stolen vehicle and were on their way over. Appellant's mother testified she received the call and told appellant that the truck was stolen. Within seconds of the telephone conversation ending, appellant entered the truck and drove away from his house. Within three minutes of the phone call, Wilson stopped the truck. Wilson asked appellant where he was going and appellant replied, "I wasn't going anywhere really." Appellant's mother testified he had driven the truck at other times.

Appellant's immediate flight after being told the car was stolen and police were coming is evidence of a guilty mind. The evidence is sufficient. The first point of error is overruled.

In his second point of error, appellant asserts the trial court erred by failing to find that the defense of entrapment was proved as a matter of law and, in the alternative, by failing to instruct the jury on entrapment.

Appellant never raised entrapment and never requested a jury instruction on it. Consequently, the trial court did not err.

■ Furthermore, the evidence did not prove entrapment as a matter of law. If criminal intent originates with the accused, the fact that the officer furnishes the opportunity for the crime affords no defense. *Lopez v. State*, 574 S.W.2d 563, 565 (Tex. Crim.App. [Panel Op.] 1978). Deputy Wil-

son's actions of phoning appellant's house did not necessarily induce appellant to commit the offense of unauthorized use of a motor vehicle. No officer spoke with appellant until after he drove the truck. Appellant's mother testified appellant had driven the truck a couple of times before he was stopped by Deputy Wilson. Wilson's phone call did not constitute improper inducement as a matter of law.

The second point of error is overruled.

In his third point of error, appellant asserts counsel was ineffective. The standard of review is stated in *Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).

Appellant claims counsel should have raised the entrapment defense. That was a trial strategy we will not question on a silent record.

Appellant says counsel should have challenged the sufficiency of the evidence at trial. The evidence at trial was sufficient. Thus, counsel did not err.

■ Appellant also claims his trial counsel was ineffective for failing to object to testimony about appellant's post-arrest silence and statements. Appellant contends these were inadmissible because he was never given *Miranda* warnings. This point has no merit. The record does not show there were no warnings, although appellant's brief claims it does and cites to four pages of the record that say nothing about warnings. If appellant waived his right to silence after being warned, the evidence was not objectionable and counsel was not deficient for not objecting.

■ Moreover, appellant's statements were elicited first by his counsel, which suggests a reasonable trial strategy. Counsel had appellant's mother testify that appellant received the truck from a friend. Counsel had Deputy Wilson testify that immediately upon being arrested, appellant stated he received the truck from a friend. This supported appellant's defensive theory, that he did not know the truck was stolen. Trial strategy could thus explain the lack of objection.

The third point of error is overruled.

■ In his fourth point of error, appellant asserts the trial court erred by overruling his objections and denying a motion for mistrial, based upon the State's opening statement that an unknown citizen informant was "in fear of retaliation" and "going to remain anonymous." Immediately after the trial court overruled appellant's objection that this was "extraneous," the prosecutor stated, "I believe the evidence will show that this person wanted to remain anonymous." Appellant argues the statement was not supported by evidence and led the jury to believe that appellant had threatened the informant.

We condemn the prosecutor's statement. Prosecutors should not say in opening statement they will prove damaging facts that they know they cannot prove. This prosecutor could not prove what the unknown anonymous informant wanted and feared because he could not obtain his testimony. The only way the prosecutor could have put this evidence before the jury was by eliciting inadmissible hearsay and hoping appellant did not object. The prosecutor tried that, but appellant objected and the trial judge sustained.

We have previously condemned a prosecutor who "will try every approach I can" to bring out inadmissible evidence. *Scruggs v. State*, 782 S.W.2d 499, 500–501 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). The Court of Criminal Appeals has condemned such prosecutorial tactics. In *Lackey v. State*, 148 Tex.Crim. 623, 190 S.W.2d 364 (Tex.Crim.App.1945), the prosecutor knowingly offered incompetent testimony before the jury. A unanimous Court of Criminal Appeals declared:

> [W]e would again emphasize that no question should be propounded which the prosecutors know to be inadmissible, for if it is done, and the circumstances are such that the person on trial may have been injured thereby, the case should be and will be reversed....

> [P]rosecuting attorneys are officers of the State, whose duty it is to see that justice is done, and they should never

attempt to get before the jury evidence they know to be inadmissible.

*Id.* at 365.

We nevertheless overrule this point of error. The most objectionable statement, that the anonymous informant was in fear of retaliation, consisted of four words that were not repeated.[1] An error of this magnitude could have been cured by an instruction to disregard at the close of the State's case or at the close of all evidence, if appellant had requested one. Although appellant may not have requested one in order to avoid reminding the jury of the prosecutor's statement, that is a strategic choice that he must now accept. Appellant's sole request for relief was a motion for mistrial when the State rested. We note that although the trial judge overruled appellant's objection to the prosecutor's opening statement, the trial judge sustained appellant's objection during trial when the prosecutor asked if the informant wanted to be unknown. This suggests that the trial judge recognized such evidence was inadmissible; thus, requesting an instruction to disregard would not necessarily have been a futile gesture. Given the brevity of the harmful statement about retaliation and the strength of the evidence against appellant, we conclude that the prosecutor's improper statement was not so harmful that it could not have been cured by an instruction to disregard. Therefore, because appellant did not request one, the error has been waived.

Appellant's fourth point of error is overruled.

■ In his fifth point of error, appellant asserts the trial court erred in denying his motion to quash the enhancement paragraph, and that the evidence was insufficient to prove he was convicted as alleged in cause number 510649. In that cause, appellant was convicted of felony theft, enhanced by two prior misdemeanor thefts. Tex.Penal Code Ann. § 31.03(e)(4)(E) (Ver-

non 1981). He contends that one of the misdemeanors alleged for enhancement in cause number 510649 alleges the incorrect conviction date and cause number.

■ Sufficiency of the evidence may not be collaterally attacked. *Owens v. State,* 540 S.W.2d 324, 325 (Tex.Crim.App.1976). The Court of Criminal Appeals has held:

> A prior conviction that was alleged for enhancement may be collaterally attacked if it is void (as it would be if it were based on a fundamentally defective indictment) or if it is tainted by a constitutional defect (as it would be if an indigent defendant had been denied counsel in a felony trial). Other, lesser infirmities in a prior conviction may not be raised by a collateral attack. Such infirmities include insufficiency of the evidence and irregularities in the judgment or sentence. It does not matter that such infirmities might have resulted in a reversal had they been presented by an appeal.

*Galloway v. State,* 578 S.W.2d 142, 143 (Tex.Crim.App. [Panel Op.] 1979) (citations omitted). Thus, appellant cannot collaterally attack the sufficiency of the evidence in cause number 510649. The proof is sufficient. The trial court did not err.

The fifth point of error is overruled.

The judgment is affirmed.

---

1. We do not consider harmful the prosecutor's statement that the informant wanted to remain anonymous. This was obvious to the jury from the fact that he chose to do so. Moreover, many informants will prefer anonymity for reasons other than fear of retaliation. Neverthe-less, prosecutors should not encourage juries to speculate about the reason. They should not mention the reason, unless it is relevant and can be proved without offering evidence they know is inadmissible.