**Marion HOUSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–93–00406–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 15, 1996.

Hazel R. Bolden, Houston, for appellant.

Scott A. Durfee, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Marion Houston pled guilty to burglary of a habitation. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989).[1] The court assessed punishment, enhanced by two prior convictions, at twenty-five years in the Texas Department of Criminal Justice, Institutional Division. Houston contends the trial court erred by denying Houston's motion to quash the enhancement paragraphs in his indictment. We affirm.

Prior to the burglary offense for which Houston appeals, he was convicted in Anderson County of criminal mischief. TEX.PENAL CODE ANN. § 28.03 (Vernon Supp. 1984). Specifically, Houston was charged with destroying traffic control copper signal wires, causing the disruption and impairment of public transportation. TEX.PENAL CODE ANN. § 28.03(b)(4)(B). Houston was also previously convicted of burglary of a building. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). Houston raises five points of error, all of which are based on the trial court's

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See* Acts, 73rd Leg., Ch. 900, § 1.18(b). Therefore all references to the code are to the code in effect at the time the crime was committed.

alleged error in overruling his motion to quash the enhancement paragraphs.[2] This motion asserted various defects in the prior convictions.

 A prior conviction alleged for enhancement may be collaterally attacked if it is void, or it is tainted by a constitutional defect. *Galloway v. State,* 578 S.W.2d 142, 143 (Tex.Crim.App.1979); *Sparks v. State,* 809 S.W.2d 773, 774 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd). Lesser infirmities in a prior conviction may not be raised by a collateral attack, even if they would have resulted in a reversal had they been presented on appeal. *Galloway,* 578 S.W.2d at 143; *Sparks,* 809 S.W.2d at 774. Sufficiency of the evidence may not be collaterally attacked. *Bomer v. State,* 827 S.W.2d 65, 68 (Tex.Crim.App.1992); *Galloway,* 578 S.W.2d at 143.

 Houston initially argues that his prior conviction for criminal mischief is void because the indictment failed to include a necessary *mens rea.* Although the indictment alleged that Houston intentionally destroyed property, the indictment failed to include language that Houston intentionally caused the delay of public transportation. Houston contends this is a conduct element that requires the intent of the accused. Therefore, he argues the indictment is fundamentally defective for failing to include a *mens rea* for this conduct in addition to the *mens rea* included for the destruction of property. We disagree. The criminal mischief statute, which Houston was charged under, does not include a separate *mens rea* for this provision. The statute enhances the penalty for the offense if "the actor causes in whole or in part impairment or interruption of ... public transportation." TEX.PENAL CODE ANN. § 28.03(b)(4)(B). The crime is committed if a person, without effective consent, "intentionally or knowingly damages or destroys the tangible property of the owner." TEX.PENAL CODE ANN. § 28.03(a)(1). Thus,

the statute does not require the perpetrator to have intentionally caused the delay of public transportation. Generally, an indictment which tracks the statutory language will survive a motion to quash. *Olurebi v. State,* 870 S.W.2d 58, 62 (Tex.Crim.App. 1994).

Houston relies on cases that interpret statutes defining crimes in terms of one's objective to produce a specified result. *See e.g., Kinnamon v. State,* 791 S.W.2d 84, 88 (Tex. Crim.App.1990) (holding that capital murder requires an accused to have intended death, not just have engaged in the conduct that caused death), *overruled by Cook v. State,* 884 S.W.2d 485 (Tex.Crim.App.1994); *Alvarado v. State,* 704 S.W.2d 36 (Tex.Crim.App. 1985) (holding that the injury to a child statute requires the accused to have intended the result of the conduct); *Beggs v. State,* 597 S.W.2d 375 (Tex.Crim.App.1980) (holding that the injury to a child statute requires the accused to have intended the result of the conduct). The criminal mischief statute requires only that the actor intentionally destroy property. It does not require that the actor intend for his conduct to result in the delay of public transportation. Therefore, appellant's first argument does not advance an appropriate basis for striking the criminal mischief enhancement paragraph.

Houston next argues that he did not interfere with *"public* transportation" because the impairment alleged in the indictment for criminal mischief was to a *private* freight carrier (emphasis added). This argument essentially challenges the sufficiency of the evidence in this prior conviction and is therefore an improper basis for a collateral attack on an enhancement paragraph. *Bomer,* 827 S.W.2d at 68; *Galloway,* 578 S.W.2d at 143.

Houston's motion to quash further contends the indictment is void because the underlying statute is unconstitutionally vague. Specifically, he challenges the definition of

**2.** It is unclear exactly what Houston is arguing on appeal. His brief "reurges and adopts" the arguments raised in his motion to quash the enhancement paragraphs of the indictment. However, he does not explain which arguments he is reurging or adopting, and his brief mentions some, but not all, of the arguments raised

in that motion. Further, Houston's brief raises five points of error, but only three of the points actually assign any error on the part of the trial court. However, because his first point of error challenges the trial court's denial of the entire motion to quash, we will consider all of the arguments set out in his motion.

"public transportation" because it is grouped together with other terms in the same statute. *See* TEX.PENAL CODE ANN. § 28.03(d). However, Houston has provided no argument or authority on this point either in his motion or his brief. His argument is therefore waived. TEX.R.APP.P. 74(f); *Garcia v. State,* 887 S.W.2d 862, 871 (Tex.Crim.App.), *cert. denied,* —— U.S. ——, 115 S.Ct. 1368, 131 L.Ed.2d 223 (1994).

Houston's fourth argument in his motion to quash contends that Houston did not "damage" the copper wire as alleged in the indictment for criminal mischief. Again, this challenges the sufficiency of the evidence, and this is an improper basis for a collateral attack. *See Bomer,* 827 S.W.2d at 68; *Galloway,* 578 S.W.2d at 143.

Houston's final argument for striking the criminal mischief enhancement paragraph is that he did not knowingly waive his constitutional rights to have the appearance, confrontation, and cross-examination of witnesses prior to pleading guilty to that offense. Houston, however, signed a written waiver of his constitutional rights in open court, while represented by counsel, in accordance with article 1.15 of the code of criminal procedure. *See* TEX.CODE CRIM.PROC.ANN. art. 1.15 (Vernon Supp.1993). Houston argues that the language in the waiver did not clearly indicate he was waiving *his* rights, and not the right of the State to present witnesses against him. We disagree. The waiver form clearly indicates he is waiving *his* constitutional rights. Further, the waiver referred specifically to article 1.15. Thus, even if Houston and his attorney were both unsure as to the meaning of the waiver language, a reference to the underlying statute should have cleared up any ambiguity.

Houston's motion to quash also challenges the enhancement paragraph for his prior burglary conviction, but his brief specifically limits his appeal to attacking the criminal mischief conviction. Further, no argument or authority is provided as a basis for challenging the prior burglary conviction.

We hold that the trial court did not err by overruling Houston's motion to quash the enhancement paragraphs in his burglary indictment. Accordingly, we overrule all of Houston's points of error.

The judgment of the trial court is affirmed.