**Meredith Glenn TIMMONS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–95–01533–CR.

Court of Appeals of Texas,
Dallas.

Aug. 28, 1997.

Mike Yarbrough, McKinney, for Appellant.

Tom O'Connell, Crim. Dist. Atty., McKinney, for Appellee.

Before MALONEY, JAMES and BURNETT,[1] JJ.

## OPINION

MALONEY, Justice.

The jury convicted Meredith Glenn Timmons of aggravated assault and assessed a four year sentence. In two points of error, appellant contends the trial court erred in dismissing a juror with a pre-existing illness under article 36.29 of the Texas Code of Criminal Procedure[2] and in not granting a mistrial after dismissing that juror. We affirm the trial court's judgment.

## BACKGROUND

The trial court swore in a jury of twelve persons and began testimony on the first day of appellant's jury trial. Before testimony resumed on the second day, the trial court learned that one of the jurors suffered from Alzheimer's disease. Both the appellant and the State agreed to excuse the juror because of her condition. The trial court dismissed the juror, leaving eleven jurors. Appellant then moved for a mistrial because less than twelve jurors were left on the jury. The trial court denied appellant's motion. Eleven jurors returned a guilty verdict.

## DISABLED JUROR

In his first point of error, appellant argues the trial court erred in not granting a mistrial because the jury had less than the twelve jurors required by the Code. TEX.CODE CRIM. PROC. ANN. art. 33.01 (Vernon 1989). He contends that the code prohibits the trial court from proceeding to verdict with only eleven jurors. In his second point of error, appellant argues the trial court erred in applying article 36.29(a) of the code to a juror with a pre-existing illness. He argues that article 36.29(a) applies only to jurors who become disabled *after* being sworn, not to jurors who have a pre-existing condition like Alzheimer's disease.

## 1. Standard of Review

■ The determination of a juror's disability is within the trial court's sound discretion. *Landrum v. State*, 788 S.W.2d 577, 579 (Tex. Crim.App.1990). Absent an abuse of discretion, we do not find reversible error. *Bass v. State*, 622 S.W.2d 101, 106–07 (Tex.Crim.App. 1981), *cert. denied*, 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982). A trial court abuses its discretion when it acts in an arbitrary and capricious manner. *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex.Crim.App. 1990).

## 2. Statutory Construction

■ We interpret statutes to effectuate the "collective" intent of the legislature. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991). We focus on the literal text of the statute to discover the legislature's intent when it enacted the statute. *Id.* We apply the established rules of construction to give effect to the plain meaning of the text adopted by the legislature. *Id.; see Smith v. State*, 789 S.W.2d 590, 592 (Tex.Crim.App. 1990).

■ We presume that the legislature used every word and phrase in a statute for a purpose. *Polk v. State*, 676 S.W.2d 408, 410 (Tex.Crim.App.1984); *In re S.H.A.*, 728 S.W.2d 73, 83 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). We also presume that if the legislature did not use words in a statute, it excluded those words for a reason. *In re S.H.A.*, 728 S.W.2d at 83 (citing *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex.1981)). We do not ascribe abstract meanings to a statute's terms. *Ward v. State*, 829 S.W.2d 787, 791 (Tex.Crim.App. 1992). Rather, we interpret a statute's terms in accordance with the sense and context in which they are used. *Tanner v. State*, 838 S.W.2d 302, 304 (Tex.App.—El Paso 1992, no pet.); *Ward*, 829 S.W.2d at 791. We construe statutory terms according to the rules of grammar and common usage. *Tanner*, 838 S.W.2d at 304.

---

1. The Honorable Joe B. Burnett, Justice, Court of Appeals, Fifth District of Texas at Dallas, Retired, sitting by assignment.

2. TEX.CODE CRIM. PROC. ANN. art. 36.29 (Vernon Supp.1997). Unless otherwise noted, all references to the "Code" are to the Texas Code of Criminal Procedure.

### 3. Applicable Law

■ District court juries must be composed of twelve jurors. TEX. CONST. art. V, § 13; TEX.CODE CRIM. PROC. ANN. art. 33.01. A felony defendant may not waive this constitutional requirement. *Ex parte Hernandez*, 906 S.W.2d 931, 932 (Tex.Crim.App.1995) (citing *Jones v. State*, 52 Tex.Crim. 303, 106 S.W. 345, 347 (1907) (op. on reh'g)). Nor may the defendant and the State consent to a jury of less than twelve persons. *Id.*

■ Less than twelve jurors can return a verdict in a felony trial when one of the twelve original jurors dies or is disabled at any time before the charge of the court is read to the jury. *See Hatch v. State*, 923 S.W.2d 98, 99–100 (Tex.App.—Dallas 1996, pet. granted). The code provides that:

> Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Except as provided in Subsection (b) of this section, however, when pending the trial of any felony case, one juror may die or be disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict; but when the verdict shall be rendered by less than the whole number, it shall be signed by every member of the jury concurring in it.

TEX.CODE CRIM. PROC. ANN. art. 36.29(a). Subsection (b) applies only when "alternate jurors have been selected in capital cases in which the State seeks the death penalty."

■ All jurors "are presumptively qualified, although they may harbor a disability rendering them unqualified to serve." *See Singleton v. State*, 881 S.W.2d 207, 214–15 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd) (citing TEX.CODE CRIM. PROC. ANN. art. 35.16(a) (Vernon 1989)).[3] For purposes of article 36.29(a), the term "disabled" means any condition that inhibits a juror from fully and fairly performing the functions of a juror. *Griffin v. State*, 486 S.W.2d 948, 951 (Tex.Crim.App.1972). An inhibiting condi-

tion can be physical, mental, or emotional. *Carrillo v. State*, 597 S.W.2d 769, 771 (Tex. Crim.App.1980). Texas courts have determined that various conditions will render a juror disabled within the meaning of article 36.29. *See Griffin*, 486 S.W.2d at 951 (intoxication); *Allen v. State*, 536 S.W.2d 364, 366–67 (Tex.Crim.App.1976) (influenza); *Johnson v. State*, 525 S.W.2d 170, 171–72 (Tex.Crim. App.1975) (automobile accident injury); *Maciel v. State*, 517 S.W.2d 789, 790 (Tex.Crim. App.1975) (high blood pressure requiring hospitalization); *Allen v. State*, 867 S.W.2d 427, 430 (Tex.App.—Beaumont 1993, no pet.) (emotional distress caused by deaths of aunt and brother-in-law within twenty-four hour period).

### 4. Application of Law to Facts

The discharged juror was Nancy Bloomer. The second morning of the trial, the discharged juror's daughter-in-law informed the trial court that her mother-in-law had Alzheimer's disease. The trial court immediately conducted a hearing on Bloomer's ability to serve as a juror.

After the first day of trial, the juror realized her Alzheimer's disease would affect her jury service. The daughter-in-law testified that Bloomer had come to her after that first day of trial. Bloomer said that she was on a jury, but could not remember "what court the case was in, what floor the case was on, ... the attorne[ys'] names or the Judge's."[4] Bloomer was very frustrated by her inability to remember these details and cried while discussing it with her daughter-in-law. The trial court questioned Bloomer's daughter-in-law about Bloomer's recollection of the previous day's events. The daughter-in-law opined that Bloomer did not remember most of the previous day's events and was not mentally fit for jury duty because of her condition. Additionally, Bloomer's daughter-in-law gave the court a letter from Bloomer's doctor in which he stated that Bloomer was in the early stages of Alzheimer's disease.

---

**3.** *See also Butler v. State*, 830 S.W.2d 125, 130 n. 9 (Tex.Crim.App.1992)

**4.** We conclude from reading the statement of facts that Mrs. Bloomer could not remember where she was to report the next morning.

At the conclusion of this testimony, both the appellant and the State agreed that Bloomer should be excused from jury service. The trial court found Bloomer was disabled under article 36.29(a) and discharged her from jury service.

#### a. Article 33.01

We agree that article 33.01 requires that juries in a district court consist of twelve qualified jurors. However, article 36.29(a) modifies article 33.01 when a juror is disabled.

#### b. Article 36.29(a)

Article 36.29(a) of the Code recites that it applies to jurors who *"may ... be disabled ... before the charge of the court is read to the jury."* TEX.CODE CRIM. PROC. ANN. art. 36.29(a) (emphasis added). Unlike subsection (b),[5] subsection (a) makes no provision for the disability's onset. The statute requires only that the disability happen before the charge is read to the jury.

The trial court could reasonably conclude that Bloomer's inability to remember any details from her first day of jury service and her resulting emotional distress were caused by Alzheimer's disease. Her illness was of such a nature as to inhibit her from fully and fairly performing the functions of a juror. The trial court did not abuse its discretion in finding that Bloomer was disabled under article 36.29(a). We overrule appellant's second point of error.

Because the trial court correctly dismissed the disabled juror, it could not err by denying appellant's motion for a mistrial for dismissing that juror. We overrule appellant's first point of error.

We affirm the trial court's judgment.

**5.** We also note that the legislature uses the language "becomes disabled from sitting" in subsection (b).