NO. 07-08-0026-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 26, 2010
_____

DONALD F. DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY;

NO. 1034587D; HONORABLE MOLLEE WESTFALL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Donald F. Davis was charged by indictment with two counts of possession of cocaine in an amount of four grams or more but less than 200 grams.[1] The jury found appellant guilty on one count, sentencing him to twenty-five years of confinement in the Institutional Division of the Texas Department of Criminal Justice. Appellant timely appealed, bringing ten points of error. We affirm.

---

[1] *See* Tex. Health & Safety Code Ann. § 481.115(d) (Vernon 2003). The indictment included a habitual offender notice, making appellant's sentence enhanceable pursuant to section 12.42 of the Penal Code. Tex. Penal Code Ann. § 12.42 (Vernon 2007). Appellant pled "not true" and did not testify at punishment.

Background

Before Grand Prairie police executed a search warrant for a motel room, they used a pretext to remove appellant from the room and arrested him pursuant to an arrest warrant. At the time of his arrest, appellant had a key to the room and $200 in cash. During the search of the room, police found, among other things, two batches of cocaine, one weighing 4.85 grams, the other .07 grams. The State presented evidence to show that appellant had a long-term rental for the room and had paid in cash.

Appellant presented evidence that he was paying for the room for Carrie, the mother of his six-year-old daughter.[2] Carrie testified at trial that appellant left the room because she and a friend were high on drugs and claimed the drugs found in the room belonged to her friend. Appellant testified similarly, stating he was living with his sister and denying any knowledge of the drugs found in the motel room. A rebuttal witness for the State testified appellant admitted he lived in the room.

Following the presentation of the evidence, the jury found appellant guilty as charged in the second count of the indictment. Appellant did not testify during the punishment stage but presented one witness to testify on his behalf. The jury assessed the punishment we have noted, and this appeal followed.

---

[2]At trial, Carrie testified her daughter was not living in the motel room with her. She also agreed that appellant was living with her in the room "off and on."

Analysis

On appeal, appellant identifies ten points of error that he contends require reversal of the judgment and remand for a new trial. We disagree and affirm appellant's conviction and sentence.

*Point of Error One–Denial of Appellant's Request for Additional Peremptory Challenge*

In appellant's first point of error, he argues the trial court reversibly erred in denying his request for an additional peremptory challenge after it overruled his challenge for cause to venireperson Lain. During jury selection, appellant challenged Lain for cause on two bases: (1) inability to not consider as a circumstance against him appellant's failure to testify; and (2) inability to follow the law relied on by appellant that his mere presence in the room did not establish his possession of the drugs. His challenge was denied. After appellant exhausted his allotted peremptory challenges, including that to Lain, he asked the court for an additional peremptory challenge. The court denied this request as well as appellant's later renewed request for the same relief. Appellant contends that because he was forced to use a peremptory challenge on Lain, he was harmed for two reasons. First, an objectionable juror was seated who had problems completing the jury questionnaire because of language, reading, comprehension, and other similar issues. Second, the harm sustained by appellant was compounded because another juror was later discharged, allowing a verdict by eleven jurors.

The State contends the trial court did not abuse its discretion by denying the challenge for cause. We agree. The record reflects that the following exchanges took place during voir dire:

Defense Counsel: (After providing a hypothetical in which a girl was at a party where drugs were being used, she refused to participate, but is arrested). Okay. Is there anyone–who here disagrees with Mr. Campbell that his daughter would not be in possession of the hash pipe?

Okay. Ms. Lain.

Lain: I'm going to have to partially disagree. She knew drugs were being used, and she's present, and I'd say that she has knowing possession . . . .

I understand that there are situations like the–described the concert where it's [drugs] present. You're not in possession. But, I mean, it is by circumstance. If you–if you go to a place and you know that the people there are using illegal drugs, then I'd say you have some amount of responsibility in that.

* * *

Defense Counsel: Ms. Lain, do you feel like you want to hear from both sides, you want to hear from my client, you might hold it against him?

Lain: You know, I do. I would say I would surely want to hear both sides of the story presented. I don't know that I would have to hear from him personally. And it is a constitutional right, so I would want to –

Defense Counsel: So you would follow the judge's instruction?

Lain: I would do my best to follow instructions, yes.

4

Defense Counsel: You say you would do your best, but would you deep in your heart hold it against them if they hadn't testified and told you their side of the story? You're nodding your head yes. I hate to tell you, you are nodding your head yes.

Lain: If they didn't provide any, you know, sort of debate against charges, I would find that very hard to accept.

Defense Counsel: So you–so this also goes to another kind of legal point, criminal law. We don't ever have to prove anything. We don't have to do anything. The State has to do it all. They have to prove all of it, every little element of the case, beyond a reasonable doubt. And the if, in a possession case, if it's possession being actual care, custody, control, and management, or then if they're trying to make that with circumstantial evidence, even that circumstantial evidence must be beyond a reasonable doubt.

Lain: I hear what you're saying.

Defense Counsel: Okay. But we never have to prove anything. And we never have to say anything. And we can remain silent. And you might hold that against my client or case if he remains silent:

Lain: If–

Defense Counsel: You might be a better juror in a civil case.

Lain: If literally your side was just silent, yeah, I think I would have probably a hard time understanding that.

Defense Counsel: All right.

A trial court has discretion in ruling on challenges for cause, and its rulings will not be upset on appeal absent an abuse of that discretion. *Herron v. State,* 86 S.W.3d 621,

5

629 (Tex.Crim.App. 2002); *King v. State,* 29 S.W.3d 556, 558 (Tex.Crim.App. 2000). The reviewing court must examine the record as a whole to determine whether there is support for the trial court's ruling, and, in so doing, it must give deference to the trial court, which was in a position to see and hear the venire member. *Herron,* 86 S.W.3d at 629; *Rachal v. State,* 917 S.W.2d 799, 810 (Tex.Crim.App. 1996), *cert. denied*, 519 U.S. 1043, 117 S.Ct. 614, 136 L.Ed.2d 539 (1996).

A defendant may challenge a potential juror for cause when that individual has a "bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or of the punishment therefor." Tex. Code Crim. Proc. Ann. art. 35.16(c)(2) (Vernon 2006). "Bias against the law is [the] refusal to consider or apply the relevant law," which means the panel members' "beliefs or opinions would prevent or substantially impair the performance of [their] duties as a juror." *Sadler v. State,* 977 S.W.2d 140, 142 (Tex.Crim.App. 1998). A party may challenge for cause a venire member who expresses a clear bias against the law permitting a defendant to refuse to testify in his own behalf. *Brown v. State,* 913 S.W.2d 577, 580-81 (Tex.Crim.App. 1996). A trial court's decision to dismiss a member of the venire for cause is entitled to "considerable deference." *King*, 29 S.W.3d at 568. That deference is particularly important when the venire member's responses are vacillating, unclear or contradictory. *Id.; see Howard v. State,* 941 S.W.2d 102, 107-08 (Tex.Crim.App.1996) (also discussing the "vacillating veniremember"). A reviewing court considers whether the totality of the voir dire

6

testimony supports the trial court's finding on whether the prospective juror is able to follow the law as instructed, and reverses only if a clear abuse of discretion is evident. *Id.*

First, while appellant contends Lain's responses during voir dire indicated an inability to follow the law with regard to mere presence and possession, we do not find the record supports the contention. We do not read Lain's responses as indicating a belief that mere presence is sufficient to show possession of contraband. Lain explicitly stated that other circumstances, such as knowledge of drug use at that place, are relevant in making this determination. After reviewing the record, we cannot say the trial court erred in denying appellant's challenge for cause on this basis.

Second, we agree with appellant that Lain expressed some hesitation and concern regarding a defendant's failure to testify on his own behalf. However, we do not read Lain's response as an indication that she would not follow the law with regard to the defendant's rights. Lain expressly stated that she would not have to hear from the defendant personally. She also acknowledged that the right to refrain from testifying is a constitutional right. Further, Lain stated she would do her best to follow the trial court's instructions. While this was not an unequivocal "yes," the trial court could have taken her response in the context of the voir dire to reflect her assent to follow the law. *See Brown,* 913 S.W.2d 580 (venire members who ultimately state they can follow the law are not challengeable for cause). We see no abuse of discretion in the trial court's denial of appellant's challenges for cause against Lain. *Id.* We overrule appellant's first point of error.

*Points of Error Two, Three and Four–Dismissal of Juror*

In appellant's second, third and fourth points, he contends the trial court erred by excusing juror Chatha after the guilty verdict and after the punishment evidence was closed but before the court's charge on punishment was read. Chatha informed the court that while he had participated in the guilty verdict rendered against appellant, he had reservations about continuing his jury service in the punishment phase. After the defense objected to proceeding with eleven jurors, the court examined Chatha. Chatha told the court he had been having dreams in which appellant's name kept appearing and dreams about what would happen to appellant if he were to go to jail. He further related that it was difficult for him to make a decision to put appellant or anyone in jail. Chatha went on to say that he did not think he was a good juror and just did not want to have someone else's future in his hands. He noted that his reservations were based on his religious beliefs and that he had been distressed during the trial. The court declared Chatha was unable to serve as a juror and informed the parties the trial would proceed with eleven jurors. The trial court then denied several objections pertaining to this ruling and denied appellant's motions for a mistrial.

Appellant, citing articles 1.17 and 35.16 of the Code of Criminal Procedure,[3] argues the trial court abused its discretion because religious belief is not a basis for disqualification of a person from serving in a criminal trial. Appellant further argues that under article

---

[3] *See* Tex. Code Crim. Proc. Ann. arts. 1.17, 35.16 (Vernon 2005) (Vernon 2007).

36.29, Chatha was not disabled. *See* Tex. Code Crim. Proc. Ann. art. 36.29 (Vernon 2007).

Determination of disability that may prevent a juror from discharging his or her duties is within the trial court's sound discretion. *Timmons v. State,* 952 S.W.2d 891, 892 (Tex.App.–Dallas 1997, no pet.), *citing Landrum v. State,* 788 S.W.2d 577, 579 (Tex.Crim.App. 1990). The trial court's determination does not give rise to reversible error unless it constitutes an abuse of discretion. *Timmons,* 952 S.W.2d at 892. A trial court abuses its discretion when it acts in an arbitrary and capricious manner. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex.Crim.App. 1990) (op. on reh'g).

We do not read the trial court's decision to discharge Chatha as one rendered on the basis of religious beliefs. Instead, we understand the trial court's ruling to be based on Chatha's mental distress that the court found caused him to be unable to fully and finally perform his duties as juror. For purposes of article 36.29(a), the term "disabled" means any condition that inhibits a juror from fully and fairly performing the functions of a juror. *Griffin v. State,* 486 S.W.2d 948, 951 (Tex.Crim.App. 1972). An inhibiting condition can be physical, mental or emotional. *Carrillo v. State,* 597 S.W.2d 769, 771 (Tex.Crim.App. 1980). Texas courts have determined that various conditions will render a juror disabled within the meaning of article 36.29. *Timmons,* 952 S.W.2d at 893 (collecting cases). We find the trial court reasonably could have concluded that Chatha's emotional or mental distress, caused at least in part by the dreams about appellant he experienced during trial,

9

was of such a nature as to inhibit him from fully and fairly performing the functions as a juror. The trial court did not err in discharging Chatha and proceeding with eleven jurors.

We find also that appellant's right to a jury trial[4] was not violated by the trial court's action in connection with Chatha.  We agree with the State that appellant's reliance on *Castaneda v. State,* 28 S.W.3d 685 (Tex.App.–Corpus Christi 2000, no pet.), is misplaced. As the State points out, the juror in that case became disabled during deliberations and accordingly, article 36.29(c) applied, requiring discharge of the jury unless the parties agreed to proceed with eleven jurors.  Here, Chatha was found to be disabled before the charge was read and before the jury entered deliberations.  Article 36.29(a) thus applied, permitting the trial to proceed with eleven jurors, even in the face of an objection.  *See* Tex. Code Crim. Proc. Ann. art. 36.29(a) (providing in part, that if a juror becomes disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict).  *See Rojas v. State,* 986 S.W.2d 241, 249 (Tex.Crim.App. 1998), *citing Sanchez v. State,* 837 S.W.2d 791, 795 (Tex.App.–Houston [14th Dist.] 1992, pet. ref'd) ("charge" as used in article 36.29(a) means the last instruction given in each phase of a bifurcated trial); *Gray v. State,* No. 09-03-045-CR, 2003 WL 21767079 (Tex.App.–Beaumont July 30 2003, pet. ref'd) (mem. op., not designated for publication) (noting same).  For the same reason, we find *Chavez v. State,* 34 S.W.3d 692 (Tex.App.–Amarillo 2000, pet. granted), *on remand,* 134 S.W.3d 244 (Tex.App.–Amarillo 2003, pet. ref'd) also cited by appellant, to be distinguishable.

---

[4]  *See* Tex. Const. art. V, § 13.

We likewise find the other cases on which appellant relies distinguishable. For example, appellant cites *Ex Parte Smith,* 817 S.W.2d 797, 800 (Tex.App.–Amarillo 1991, no pet.) for the proposition that a mistrial is required when a juror is absolutely disqualified from service. Here, however, Chatha was not absolutely disqualified; instead, he became disabled from sitting on the jury due to a mental or emotional condition. Appellant also points to other cases in which courts found jurors were not subject to discharge for an inability to be fair. This again is not the situation we have here. Chatha never stated he could not be fair. Instead, he related distress to such a degree that it impaired his ability to fully function as a juror. We do not find support for appellant's position in any of the cases cited by appellant. We overrule appellant's second, third and fourth points of error.

*Point of Error Five–Denial of Right to Jury Trial*

In appellant's fifth point of error, he contends his right to a jury trial was violated when one of the jurors fell asleep for some period of time during trial. The record reflects that while presenting evidence of appellant's prior convictions during the punishment phase of trial, the prosecutor asked to approach the bench, stating, "[r]eal quick, I wonder if the Court might mind waking up our juror. I wonder if you might mind waking up our juror that's in the front row there." Subsequently, the following exchange took place:

Defense Counsel: Oh, you know, I do want to make a record that Ms. Delgado, juror number two from the voir dire panel, that was her number, that she was asleep during the punishment phase of trial and that [the prosecutor] noticed that while we were at the bench.

11

The Court: And I have had my eye on Ms. Delgado, and she has been extremely tired at times, and she has had her eyes closed, but the only time that I noted that she seemed to be actually not awake was the brief time when [the prosecutor] asked to approach the bench. Because I have been watching her myself, and I will note that for the record, that while she has had her eyes opened and closed, she's never had her eyes closed for an extended period other than when we had the break, and the break seemed to wake her up, and she's been alert and listening ever since then. That is what I have noted.

While appellant made a record at trial of the juror's conduct, he did not object at any time, nor did he move for a mistrial or file a motion for new trial on this issue. To preserve error, there must be a timely, specific request, objection or motion. Tex. R. App. P. 33.1(a)(1); *Menard v. State,* 193 S.W.3d 55, 60 (Tex.App.–Houston [1st Dist.] 2006, pet. ref'd), *citing Thieleman v. State,* 187 S.W.3d 455 (Tex.Crim.App. 2005). Thus, this point of error presents nothing for our review. We overrule appellant's fifth issue.

*Point of Error Six–Denial of Appellant's Right to Jury Trial in Jury's Consideration of "Other Evidence"*

Appellant's sixth point raises a complaint regarding State's exhibit 71. He contends that this exhibit was never admitted into evidence but was nevertheless published to the jury. The record reflects, and appellant concedes, that he did not object to the publication of this exhibit. Appellant argues that the publication of the exhibit not admitted into evidence precluded effective cross-examination and confrontation of the exhibit and thus, his failure to object should therefore be "excused." We disagree.

12

Even constitutional error may be waived by failure to raise the issue at trial. *See Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Crim.App.1990) (en banc) (holding that, by failing to object, appellant waived claim that admission of videotape violated his rights to confrontation and due process/due course of law); *see* Tex. R. App. P. 33.1 (requiring objection to preserve error for appeal). Specifically, a defendant waives his constitutional right to confrontation if he does not object to the denial of that right at trial. *Holland v. State*, 802 S.W.2d 696, 700 (Tex.Crim.App.1991) (en banc) (holding that appellant's hearsay objection did not preserve claim that evidence violated appellant's right of confrontation); *Thacker v. State*, 999 S.W.2d 56, 61 (Tex.App.–Houston [14th Dist.] 1999, pet. ref'd) (emphasizing that hearsay objections and objections to violations of the constitutional right of confrontation are not synonymous; thus, appellant's failure to object on the basis of the confrontation clause waived appellant's right to confront witnesses); *Saldivar v. State*, 980 S.W.2d 475, 496 (Tex.App.–Houston [14th Dist.] 1998, pet. ref'd) (holding that appellant's objection to hearsay and failure to object on the ground that the hearsay admission violated appellant's right to confrontation was insufficient to preserve error). Appellant's sixth point presents nothing for our review, and is overruled.

*Points of Error Seven and Eight–Denial of Appellant's Motion for Mistrial Due to Prosecutor Argument*

Via appellant's seventh and eighth points, he contends the trial court abused its discretion in denying his motions for mistrial stemming from the prosecutor's arguments.

During his argument to the jury on guilt-innocence, the prosecutor referred to alleged sales of crack cocaine occurring shortly before appellant was arrested. Appellant contends these sales were outside the record in this case and the argument was improper. When appellant objected on that basis at trial, the court sustained the objection and instructed the jury to disregard the argument. However, the court denied appellant's motion for a mistrial, which ruling is the subject of appellant's seventh point of error.

The denial of a motion for mistrial is reviewed under the standard of abuse of discretion. *Webb v. State,* 232 S.W.3d 109, 112 (Tex.Crim.App. 2007). A trial court does not abuse its discretion when its decision is within the zone of reasonable disagreement. *Wead v. State,* 129 S.W.3d 126, 129 (Tex.Crim.App. 2004); *Montgomery v. State,* 810 at 391. Mistrial is a device used to halt trial proceedings when an error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App. 1999). To determine whether a given error necessitates a mistrial, we must examine the particular facts of the case. *Id.* A mistrial is required only when the impropriety is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury. *Hinojosa v. State,* 4 S.W.3d 240, 253 (Tex.Crim.App. 1999). *See also Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App. 2004) (only in extreme circumstances, where the prejudice is incurable, will a mistrial be required). An appellate court presumes the jury will follow instructions to disregard the evidence. *Drake v. State,* 123 S.W.3d 596, 604 (Tex.App.–Houston [14th Dist.] 2003, pet. ref'd), *citing Ladd,* 3

S.W.3d at 567 *as quoting Gardner v. State*, 730 S.W.2d 675, 696 (Tex.Crim.App.1987) (en banc). *See also Brock v. State,* 275 S.W.3d 586, 591 (Tex.App.–Amarillo 2008, pet. ref'd).

During defense counsel's closing, she argued in part, "Okay. In a possession with intent to deliver case, you would usually see, you know, these little packaging things, little packaging things. You would see probably receipts. You would see cell phones. You would see dope notes. You would see names of hookups and connections. You would see that kind of stuff. You would have that stuff. You would have–you would really truly probably have more cocaine. The amount that's alleged is only 4.9 grams, you know, and it's–the way–the way he is charged is four to 200. I think this does not certainly rise to the level of possession with intent to deliver. I think their case is weak . . . ." In response, the State argued, "Oh, and we bring you receipts. Defense counsel said we should–we bring you receipts from–if we had intent to deliver here. I'm sorry, you get a warranty with dope, is that it? What? You get a 30-day money back guarantee? Come on. We brought you the intent to deliver here. Okay? He knew–he was still selling. This isn't a lot of crack? Eleven rocks is not a lot of crack? Well, forgive us for not catching him earlier in the day when he sold the rest of it and the day before."

Thereafter, the following exchange occurred:

Defense Counsel:   Objection. Outside the record and –

The Court:   Sustained.

Defense Counsel:   Could we have an instruction?

15

| | |
|---|---|
| The Court: | And jury will disregard last statement of prosecutor. |
| Defense Counsel: | Move for mistrial. |
| The Court: | Denied. |
| Prosecutor: | (Continuing closing argument)There's 11 crack rocks here. He had $500 worth of crack rocks in that motel room. He had a hundred-dollar bill on top of it. He had $200 on him when he was arrested. |

At the outset, we note that although the trial court sustained appellant's objection, the prosecutor's argument was only marginally outside the record if at all. The amount of cocaine present, coupled with the amount of cash found with it and on appellant, are factors from which the jury could have inferred appellant's intent to deliver. *See Jordan v. State*, 139 S.W.3d 723, 726 (Tex. App.–Fort Worth 2004, no pet.); *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.–Dallas 2003, no pet.); *Williams v. State,* 902 S.W.2d 505, 507 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd) (listing factors courts consider in reviewing findings of intent to deliver). Implicit in such an inference based on the presence of large amounts of cash is the further inference that the cash was derived from drug sales. *See Hooper v. State,* 214 S.W.3d 9, 13 (Tex.Crim.App. 2007) (discussing rational inferences). That factor aids our conclusion that the trial court's instruction to disregard cured any prejudice from the prosecutor's argument. *See, e.g., Morales v. State,* 32 S.W.3d 862, 867 (Tex.Crim.App. 2000) (the character of the alleged error is considered in assessing the likelihood that the jury's decision was adversely affected by the error); *Waldo v. State,* 746 S.W.2d 750, 754 (Tex.Crim.App. 1988) (the character of the alleged error impacts the evaluation of curative effect of instruction); *Rodriguez v. State,* No. 08-01-00103-CR, 2004

Tex. App. LEXIS 1237 (Tex.App.–El Paso Feb. 10, 2004, no pet.) (mem. op., not designated for publication) (noting same). We further find the remark in the prosecutor's closing was not so inflammatory that the trial court's instruction to disregard it could not have had its presumed curative effect. We find the trial court did not abuse its discretion in denying appellant's motion for a mistrial, and overrule appellant's seventh point of error.

In appellant's eighth point, he contends another argument of the prosecutor, this time during the punishment phase of trial, entitled him to a mistrial. We again disagree. Appellant testified during the guilt-innocence phase of his trial. During the State's closing argument at punishment, the State referred to that testimony, arguing: "If you remember [appellant's] testimony during the guilt/innocence phase, you know, [the other prosecutor] went through those [other convictions] with him. And this was his day, this was his week, this was his time to–to put his best foot forward, to do the best sales job he'd ever done, and he'd say, 'Yeah, yeah, that was me. I got those convictions. I was convicted of that. I took the rap for it, but I didn't do it.' His opportunity to put himself in the best light he could and minimize the bad actions he's had. That's the choice he took. [Appellant] didn't get up here and say, 'I'm a two-time convicted drug dealer, and I feel horrible, I feel horrible for putting poison in the homes and the bodies of people.' He didn't tell you that. He didn't give you his sincerity. He gave you his attempt to minimize."

Defense counsel apparently objected and the following exchange took place:

Defense counsel:    Comment on failure to testify at punishment.

Prosecutor:         I'm talking about his testimony at guilt and innocence.

17

| | |
|---|---|
| The Court: | Sustained. |

| | |
|---|---|
| Defense counsel: | Move to–ask the jury to disregard. |

| | |
|---|---|
| The Court: | And I'll instruct the jury to disregard last comment of counsel regarding the Defendant's testimony. |

| | |
|---|---|
| Defense counsel: | Move for mistrial. |

| | |
|---|---|
| Prosecutor: | I want you to consider the way he acted and what he said when he testified in guilt and innocence.  That's all I'm saying.  Okay?  Because the law allows you to do that.  So consider it.  Was he genuine with you when testified, and was he sincere? |

We agree with appellant, and the State concedes, that the prosecutor's reference to his refusal to express remorse and, by extension, appellant's choice not to testify at trial at the punishment stage, was improper.  We find, however, that the trial court's instruction to disregard sufficiently cured the error because the State's references were brief, isolated and not so prejudicial as to be incurable.  Given the brevity of the comment in the overall context of the State's argument, the trial court did not abuse its discretion in denying appellant's motion for a mistrial.  We overrule appellant's eighth point of error.

*Point of Error Nine–Denial of Motion for Mistrial Due to Evidence of Earlier Drug Buys*

In appellant's ninth point, he complains of a non-responsive answer by a detective concerning an alleged extraneous offense, a narcotics purchase from appellant by a confidential informant. During defense counsel's cross-examination of the officer during the guilt-innocence phase, counsel asked a question concerning police surveillance of the

motel. The officer answered non-responsively and mentioned a previous narcotics purchase from appellant. Appellant asked for and received an instruction to disregard the officer's non-responsive answer, but his motion for mistrial was denied.

Appellant argues on appeal that the officer's answer injected harmful error into the trial that was compounded by the prosecutor's later closing argument in which he referred to previous drug sales, the subject of appellant's seventh point of error. As we did when addressing appellant's seventh point, we note in assessing the impact of the officer's answer that the subject of drug sales by appellant was not foreign to this record. Again, the amount of cocaine and the amount of cash present were properly before the jury. Considering the entire record and even taking into consideration the State's reference in its closing argument, we find the court's instruction cured the officer's reference to the extraneous drug sale. The court in *Coe v. State,* 683 S.W.2d 431, 435 (Tex.Crim.App. 1984), an aggravated robbery case, found the court's instruction to disregard cured any error from an officer's non-responsive answer referring to extraneous robbery offenses, noting "testimony referring to or implying extraneous offenses allegedly committed by the defendant may be rendered harmless by the trial court's instruction to disregard." *Id.* at 436. *See also Shannon v. State,* 942 S.W.2d 591, 597-98 (Tex.Crim.App. 1996) (comment outside record that defendant was a sociopath cured by prompt instruction to disregard); *Borner v. State,* 827 S.W.2d 65, 68 (Tex.App.–Houston [1st Dist.] 1992, pet. ref'd) (objectionable statement that anonymous informant was in fear of retaliation, consisting of four words that were not repeated, could have been cured by an instruction to

disregard). Accordingly, we conclude the trial court did not abuse its discretion in denying appellant's motion for mistrial. We overrule appellant's ninth point of error.

*Point of Error Ten–State's Use of Prior Convictions to Impeach Appellant*

Through appellant's last point of error, he asserts the trial court erred by allowing the State to utilize appellant's prior convictions for impeachment purposes. The issue arose after the defense elicited testimony from a witness to the effect that appellant was giving Carrie money to pay for the motel room. The State argued that only appellant could have given the witness that information. The State then argued to the court that appellant must be considered the declarant of the hearsay statements to which the witness testified, and it was entitled to impeach his credibility pursuant to evidentiary rules 806 and 609. Tex. R. Evid. 806, 609.

The trial court agreed, and allowed the prosecutor to ask the witness if she knew appellant had been previously convicted of possession of marijuana, delivery of a controlled substance, theft of property on two separate occasions, and theft by check. Later in the trial, appellant testified, admitting to paying for the motel room for Carrie and his daughter on several occasions. The State introduced receipts confirming two rooms at the motel under appellant's name. The evidence of appellant's prior convictions was presented without objection during appellant's testimony.

Assuming, arguendo, the trial court abused its discretion by allowing the State to ask the witness questions concerning whether appellant paid for the motel room and questions about appellant's prior convictions, any harm arising from the error was cured when

20

appellant later testified that he paid for the motel room–the very same conclusion implicit in the witness's testimony–and when evidence of appellant's convictions was admitted without objection during his testimony. *See Reyes v. State*, 84 S.W.3d 633, 638 (Tex.Crim.App. 2002) (a defendant who allows evidence to be introduced from one source without objection forfeits any subsequent complaints about the introduction of the same evidence from another source). We overrule appellant's final point of error.

## Conclusion

Finding no reversible error, we overrule each of appellant's ten points of error and affirm appellant's conviction and sentence.

James T. Campbell
Justice

Do not publish.

Pirtle, J., dissenting.

21